EDWARD F. BROWNING, Respondent, *v.* THE HOME INSUR-ANCE COMPANY OF COLUMBUS, OHIO, Appellant.

Where, in a policy of fire insurance, a building insured is described as a "dwelling-house," this is not, in the absence of evidence showing mis-representation or concealment as to the fact of occupation, a warranty that the building is occupied as a dwelling.

A neglect on the part of the insured to make known the fact that a building so described is vacant and unoccupied is not a breach of a condition in the policy, avoiding it in case of any omission to make known every fact material to the risk.

In the absence of fraud, such a condition is not violated by a failure on the part of the insured to disclose facts, in regard to which no inquiry is made.

Where, by a policy upon a building issued to the owner, any loss is made payable to a mortgagee, admissions and declarations made by the owner after a loss, are not competent evidence in an action by the mortgagee upon the policy.

An executory contract for the sale of premises without change of possession is not a breach of a condition in a policy, forfeiting it in case of any sale or transfer, or any change in title or possession ; such a condition applies only to a legal transfer, which divests the insured of title to or control over the property.

(Argued December 14, 1877; decided December 21, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought upon a policy of fire insurance. The policy was issued to Moses J. Wicks, insuring him to the amount of $4,000 "on his two-story and attic frame, filled into peak with brick, dwelling-house, situated (standing detached fifty feet) on the west side of Paca avenue, one hundred and twenty feet north of Atlantic avenue, in the city of Brooklyn, L. I.; loss, if any, payable to E. F. Browning, mortgagee," the plaintiff herein. The defense was a breach of warranty. The policy contained the following, among other conditions:

"It is hereby understood and agreed by and between this company and the assured, that this policy is made and accepted agreeably to the following stipulations and conditions. * * * Any omissions to make known every fact material to the risk, either in a written application or otherwise. * * * Or if the property be sold or transferred, or any change take place in title or possession, then and in every such case the policy shall be void." The premises insured

were vacant and unoccupied when the policy was issued, and so continued until destroyed by fire, May 29, 1872. Wicks omitted to make this fact known to the company. The defendant offered in evidence an executory contract between Wicks and one Bowman, dated May 18, 1872, by which the former agreed to sell and convey the premises to the latter, $500 of the purchase-money to be paid down, the same to remain, however, in the hands of brokers until the delivery of the deed, which was to be delivered and the transfer completed June 18, 1872. The defendant then offered proof that Wicks sued Bowman for the balance of the consideration, and in the complaint duly verified by him admitted the sale and due performance on his part of all the conditions of the contract. The court rejected the evidence, and the defendant excepted. The defendant then offered evidence of further admissions and declarations made by Wicks after the fire, which evidence was rejected and defendant's counsel excepted. The court directed a verdict for plaintiff, to which said counsel duly excepted.

*E. B. Convers*, for appellant. The description of the house insured as a dwelling-house was a warranty that it was occupied when the policy was issued. (*Alexander* v. *Ins. Co.*, 66 N. Y., 464; *O'Neil* v. *Buff. F. Ins. Co.*, 3 id., 122.) The neglect of the insured to make known the fact that the house was unoccupied, was a breach of the condition that any omission to make known every fact material to the risk should render it void. (*Magnin* v. *Dinsmore*, 62 N. Y., 35, 40; *Crouch* v. *R. R. Co.*, 14 C. B., 255; *Burritt* v. *Ins. Co.*, 5 Hill, 188; *People* v. *Ins. Co.*, 2 T. & C., 268; *Appleby* v. *Ins. Co.*, 54 N. Y., 253.) The admissions of the insured in the suit against Bowman, and to defendant's general agent concerning the sale to Bowman, and his actual possession under it are competent evidence, and were improperly rejected. (*Cook* v. *Barr*, 44 N. Y., 156; *Grosvenor* v. *Ins. Co.*, 17 id., 391; *Hale* v. *Ins. Co.*, 6 Gray, 169; *Loring* v. *Ins. Co.*, 8 id., 28; *Ins. Co.*, v. *Fix*, 53 Ill., 151; *Ins. Co.*, v. *Roberts*, 31 Pa.

St., 444; May on Ins., § 379; *Hale* v. *Ins. Co.*, 6 Gray, 169; *Cone* v. *Ins. Co.*, 60 N. Y., 619.) The sale to Bowman rendered the policy void. (*Savage* v. *Ins. Co.*, 52 N. Y., 502; *Germond* v. *Ins. Co.*, 5 T. & C., 120; *McLaren* v. *Ins. Co.*, 1 Seld., 151; *Hathaway* v. *Payne*, 34 N. Y., 103.)

*Thomas B. Hewett*, for respondent. Plaintiff had a cause of action against defendant which the insured could not release or affect by word or act. (1 Greenl. on Ev., § 180; *Phœnix* v. *Assignees of Ingraham*, 5 J. R., 411; *Paige* v. *Cagwin*, 7 Hill, 361; *Dodge* v. *F. Sav. & Tr. Co.*, 3 Otto, 379; *Kingsley* v. *N. E. Mut. F. Ins. Co.*, 8 Cush., 393; 3 Burr. F. Ins. Cas., 246.) It cannot be said that the insured did not act in good faith toward defendant as regards the occupancy of the premises. (*Carter* v. *Boehm*, 3 Burr., 1905; *Burritt* v. *Sar. Co. Mut. Ins. Co.*, 5 Hill, 188; *Hartf. Pro. Ins. Co.* v. *Harmer*, 2 Ohio St., 452; *Gates* v. *Mad. Co. Mut. Ins. Co.*, 5 N. Y., 475.) The words "dwelling-house" in the written part of the policy are descriptive of the property insured, and implied no warranty that it was occupied. (May on Ins., § 247, p. 267; id., 170–178; Flanders on Ins. [2d ed.], 283, 284.) There was no sale or change of title within either the wording or meaning of the policy. (May on Ins., § 267, p. 291; Flanders on Ins. [2d ed.], 443, 444; *Masters* v. *Mad. Co. Mut. Ins Co.*, 11 Barb., 624; *Hitchcock* v. *N. W. Ins. Co.*, 26 N. J., 68; *Trumbull* v. *Portage Co. Mut. Ins. Co.*, 12 Ohio, 305; *Hill* v. *C. V. Mut. Pro. Co.*, 59 Penn., 474; *Wash. F. Ins. Co.* v. *Kelly*, 32 Md., 421; 5 Daly, 225.)

*Per Curiam.* The defendant claims that the description of the house insured as a dwelling was a warranty that it was occupied as such. Unless there was evidence to show misrepresentation or concealment as to the fact of occupation, there is no ground for such a position. The defendant had ample opportunity to ascertain how the fact was, and having failed to improve it by making inquiries through its agent, or

to make provision in the policy for such a case, it cannot now claim that the insurance was for a building which was occupied contrary to the plain meaning and import of the language employed.

The claim that the neglect of the insured to make known the fact that the building was vacant and unoccupied was a breach of the condition is also unfounded. The provision in the policy that any omission to make known any fact material to the risk should render it void, in the absence of proof of fraud, is not violated because the insured fails to disclose facts in regard to which no inquiry is made. The applicant has a right to suppose that the insurer, in making inquiries as to particular facts, considers all others to be immaterial, or that he assumes to know or waives information in regard to them. (*Gates* v. *Madison Co. Mut. Ins. Co.,* 5 N. Y., 475.) If the insurer fails to inquire as to occupation, unless there is proof of concealment, it is not evidence of bad faith which will vitiate the policy. Under such a state of facts, when no statement is made in the policy as to the occupation of the building, it must be assumed that the insurance was made without regard to occupation.

The exclusion of Wicks' admission, contained in the complaint in the suit which he brought against Bowman, and of his admission to Dorr was not erroneous. The defendant's liability had then become fixed, and the plaintiff had acquired rights and a cause of action against the defendant, which the declarations or acts of Wicks could not affect or change.

It does not appear whether the alleged conversation related to a delivery of possession before or after the fire had taken place, and hence it is not manifest that the evidence offered was material.

The claim made that the policy was void by the transfer to Bowman is not sustained. The contract was executory, and by its terms the conveyance was not to be made until the 18th of June, some time after the fire occurred, and certain conditions had been fulfilled by Bowman. It did not transfer title to the land, and could only be enforced by

Bowman by a compliance with its conditions.  The forfeiture could only attach if the property was sold or transferred, or in case of a change in the title or possession.  Until the agreement was consummated, there could be no such change as was contemplated by the policy.  There was no change or sale within the meaning or language of the policy, which expressly provides, that when the property has been sold and delivered, or otherwise disposed of, so that all interest or liability on the part of the assured has ceased, the insurance shall terminate.  This evidently means a legal transfer, which divests the party of title or control over the property.  The authorities cited by the appellant's counsel are not adverse to this view of the subject.

The judgment should be affirmed.

All concur.

Judgment affirmed.