EDWARD L. LEWIS, Respondent, *v.* GUARDIAN FIRE AND LIFE ASSURANCE COMPANY (LIMITED) OF LONDON, ENGLAND, Appellant, and CHARLES A. K. MACPHERSON, Respondent.

1. FIRE INSURANCE — POWER OF AGENT TO WAIVE CONDITION AS TO OTHER INSURANCE.   Indorsements upon a policy of fire insurance of the name of a firm followed by the word "Agents," made by the officers of the company, are presumptive evidence of the firm's agency; and one who, after notifying a member of the firm that there is other insurance upon the property, receives the policy without that fact being indorsed thereon as required by one of its conditions, has the right to assume that the agents had the power to waive the condition, and that the omission to note other insurance would not vitiate the policy, although it was obtained from the company by another member of the firm, who was not informed that there was other insurance.

2. WHEN MORTGAGEE A NECESSARY PARTY TO ACTION UPON POLICY. A mortgagee, to whom by the policy the loss is payable to the extent of his interest, is a necessary party to an action brought by the mortgagor to recover upon the policy, and if he refuses to join as plaintiff he

may, under sections 446 and 448 of the Code of Civil Procedure, be made a party defendant.

3. JURISDICTION, DEFENDANTS BEING NON-RESIDENTS. Where the mortgagor is a resident, as his interest pervades the whole recovery, his right to maintain the action in the courts of this state is not impaired by the non-residence of the mortgagee and the company, and the fact that the contract of insurance was made without the state.

*Lewis* v. *Guardian Fire & Life Assur. Co.*, 93 App. Div. 157, affirmed.

(Argued April 20, 1905; decided May 2, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1904, reversing a judgment in favor of defendant insurance company entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George A. Strong* for appellant. A verdict was properly directed against the plaintiff. (*Wilson* v. *G., etc., Co.*, 14 N. Y. 418; *Landers* v. *W., etc., Co.*, 86 N. Y. 414; *Sanders* v. *Cooper*, 115 N. Y. 279; *Wheatland* v. *Pryor*, 133 N. Y. 97; *Constant* v. *University*, 111 N. Y. 604; *Slattery* v. *Schwannecke*, 118 N. Y. 543; *Devens*, v. *M., etc., Co.*, 83 N. Y. 168; *P., etc., Co.* v. *Stevenson*, 78 Ky. 150.) The claim of the defendant MacPherson was properly dismissed. (*Moore* v. *H., etc., Co.*, 141 N. Y. 219; *Chapman* v. *Forbes*, 123 N. Y. 532; *Bauer* v. *Dewey*, 166 N. Y. 402; *Britton* v. *Bohde*, 85 Hun, 449; *Heffern* v. *Hunt*, 8 App. Div. 585; *Hathaway* v. *O. Ins. Co.*, 134 N. Y. 409; *Cone* v. *N. Ins. Co.*, 60 N. Y. 619; *Kent* v. *Æ. Ins. Co.*, 84 App. Div. 428; *Sullivan* v. *S., etc., Co.*, 34 App. Div. 128; *Wakeman* v. *Gowdy*, 10 Bosw. 208; *Buckingham* v. *Payne*, 36 Barb. 81; *Lawrence* v. *McCalmont*, 2 How. [U. S.] 426.)

*William B. Ellison* and *Arnold L. Davis* for respondents. It was error to dismiss the claim of the mortgagee. (*Kent* v. *Æ. Ins. Co.*, 84 App. Div. 428; *Besant* v. *G. F. Ins. Co.*, 72 App. Div. 276.) It was error for the court to direct a

verdict on the issue of whether the defendant company had notice of the breach of the condition complained of when it issued its policy. (*Wood* v. *A. Ins. Co.*, 149 N. Y. 382; *Robbins* v. *S. Ins. Co.*, 149 N. Y. 477; *Benjamin* v. *Ins. Co.*, 80 App. Div. 260; 177 N. Y. 588; *Sundheimer* v. *City of N. Y.*, 176 N. Y. 495; *McDonald* v. *M. S. Ry. Co.*, 167 N. Y. 66; *Voss* v. *Smith*, 87 App. Div. 395.) Notice to one member of the firm of Paterson & Son was notice to the firm. (Bates on Partnership, § 389; *M. & C. Ry. Co.* v. *Mowry*, 28 Hun, 79; *Miller* v. *Perrine*, 1 Hun, 620; *Cragie* v. *Hadley*, 99 N. Y. 131; *Holden* v. *N. Y. & E. Bank*, 72 N. Y. 286.)

Cullen, Ch. J. The action is on a fire insurance policy, the plaintiff being the assignee of the owner of the insured premises, and the defendant MacPherson the assignee of the mortgagee. The policy insured the mortgagor, loss, if any, payable to the mortgagee " as his interest may appear." The plaintiff's assignor is a corporation organized under the laws of this state and the plaintiff himself a resident and citizen of the state. The defendant MacPherson and his assignor are residents of the Dominion of Canada, the defendant insurance company an English corporation, and the contract of insurance was made in Montreal, Canada. The complaint, after making the usual statements requisite in an action on a fire insurance policy, alleged that the mortgagee refused to join with the plaintiff in the institution of the action, and that, therefore, he was made a party defendant thereto. The insurance company answered alleging a breach of the conditions of the policy in that other insurance had been effected on the property previous to the issue of the policy, which additional insurance was not noted or indorsed thereon. The defendant MacPherson answered, substantially repeating the allegations of the complaint and asking judgment against his co-defendant that he be paid out of the insurance moneys the amount due on his mortgage. At the close of the evidence the trial court dismissed the complaint and the claim of the defendant MacPherson. Judgment was entered on this direction and

that judgment was reversed by the Appellate Division and a new trial granted. From the order granting a new trial an appeal has been taken to this court.

The policy was obtained from Patterson & Son, insurance agents at Montreal. In answer to the defense of other insurance not noted on the policy (which fact was conceded) the plaintiff gave evidence that at the time the application was made for the policy Patterson & Son were informed of the existence of such additional insurance. The law is well settled in this state that if the insurance company or its general agent is at the time of the issue of the policy notified of facts which, under the terms of the policy, would render it void if not noted on the policy, the company cannot avail itself of such a defense, though a different rule prevails as to breaches of conditions occurring subsequent to the issue of the policy. ( *Van Schoick* v. *Niagara Fire Ins. Co.,* 68 N. Y. 434 ; *Wood* v. *American Fire Insurance Co.,* 149 N. Y. 382.) This principle the learned counsel for the appellant concedes, but he insists in the first place that the evidence was insufficient to warrant a finding by the jury that Patterson & Son were the agents of the appellant. Without referring to the other evidence in this respect it is a sufficient answer to this claim to say that on the policy delivered by the appellant there was written in two places, one on the face of the policy, one on its back, " Patterson & Son, Agents," and it is conceded that this was done not by the agents but by the officers of the company in its office. It is true that some of the officers or clerks of the company testified that it was the habit of the company whenever an application was presented to it through brokers to so write the name of the brokers as agents on the policy, and that it was not intended to state by such indorsement that the brokers were in fact the agents of the company. This explanation, however, of what otherwise appeared to be an admission that Patterson & Son were the agents of the defendant was not conclusive ; it presented a question of fact to be passed on by the jury. In addition to this the insured may have acted on the faith of the representa-

tion.    Upon receiving the policy and discovering the omission to note thereon the additional insurance it may have relied upon the rule of law that the omission to note such insurance did not vitiate the policy if Patterson & Son were the agents of the appellant, and, therefore, have omitted any step for the correction of the policy.    It appeared that the policy in suit was issued from the general office in Montreal to the Pattersons, and that the member of that firm who obtained it was not the member with whom the plaintiff's assignor had dealt and to whom it had told of the other insurance.    It is urged that as the member of the firm who obtained the policy was ignorant that there was other insurance on the property, necessarily there could be no constructive notice to the company itself.    This argument, however, overlooks the fact that if in truth Patterson & Son were the general agents of the appellant, authorized to deliver insurance policies, or were held out by the defendant as such agents and possessing such powers, that firm could as far as persons dealing with it under its real or apparent authority waive the condition even though it gave no notice of the fact to the company. Information imparted to one agent of a company in dealing with the insured may be imputed to the company and to another agent participating in those dealings, though in fact the second agent is ignorant of the information imparted to the first.    (*Berry* v. *American Central Ins. Co.*, 132 N. Y. 49.)    The plaintiff's claim should, therefore, have been submitted to the jury.

It is strenuously contended by the appellant that the mortgagee was not a necessary or proper party defendant in the action, and that his claim was properly dismissed by the trial court, even if it be assumed that the plaintiff established the validity of the policy.    It is admitted that under the authority of *Winne* v. *Niagara Fire Insurance Company* (91 N. Y. 185) a joint action may be maintained on a fire insurance policy by mortgagor and mortgagee.    But it is urged the case is not an authority for the proposition that when the mortgagee refuses to join as plaintiff he can, under sections

1905.]    Lewis *v.* Guardian Fire & Life Assur. Co.    **397**

N. Y. Rep.]    Opinion of the Court, per Cullen, Ch. J.

446 and 448 of the Code of Civil Procedure, be made a party defendant. Section 448 provides that where parties are united in interest they must join as plaintiffs, and if any refuses to do so he must be made a party defendant. As I understand it, the contention of the appellant is that either the mortgagor or the mortgagee may sue separately (I suppose each to the extent of his own interest in the policy), and that neither is nor can be affected by the result of the other's action, and that hence neither, within the meaning of the Code, has any interest in the subject of the action brought by the other. We think this proposition cannot be sustained. There is but a single contract between the parties by which one party is indemnified against loss but the insurance money is to be paid not to him, but to his appointee for his benefit. (*Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 N. Y. 391.) Under such a contract the interests of the mortgagor and mortgagee are not separate and distinct, but the interest of the mortgagor is co-extensive with the whole amount payable under the policy. He is interested not only in obtaining the surplus above the amount necessary to discharge the mortgagee's claim but in seeing that his debt to the mortgagee or the lien on his property held by the mortgagee is satisfied or reduced by the application of the insurance moneys. In this state a mortgagee to whom, by the policy, the loss is payable, may maintain an action in his own name and recover the whole amount payable under the policy ; but in such case he recovers and holds the excess above his own claim as trustee for the mortgagor. (*Cone* v. *Niagara Fire Ins. Co.*, 60 N. Y. 619.) But it does not at all follow that the mortgagor could sue in his own name on the policy holding the whole or part of the recovery as trustee for the mortgagee, or that each can maintain a separate action for his own interest. On the contrary, the right of the mortgagee to recover the entire sum payable is inconsistent with the right of the mortgagor to maintain a separate action for his part of the loss. If the interest of the mortgagor extends, as we have seen, to the whole insurance moneys, he is entitled to maintain an action co-extensive with his interest.

Granting the right of the mortgagor to maintain such an action it is clear that to the action the mortgagee must be a party, for payment by the terms of the policy is first to be made to him to the extent of his interest. This was so held in *Ennis* v. *Harmony Fire Insurance Company* (3 Bosworth, 516) nearly half a century ago. The case has never been overruled or criticised and is cited by this court as authority in *Winne* v. *Niagara Fire Insurance Company* (*supra*). If the mortgage had been satisfied, a different rule might prevail and the mortgagor sue in his own name. But while the mortgage is outstanding the mortgagee is a necessary party to the mortgagor's action.

These views also dispose of the claim that because the defendants, the mortgagee and insurance company, are non-residents and the contract was made without the state, our courts have no jurisdiction over the mortgagee's claim. This position might be well founded if the claims of the mortgagor and mortgagee were several and distinct. But as the mortgagor's interest pervades the whole recovery his right to maintain an action in the courts of the state cannot be impaired by the non-residence of the mortgagee.

The order appealed from should be affirmed, and judgment absolute rendered for plaintiff and for defendant MacPherson on the stipulation, with costs.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Ordered accordingly.