JOHN McDOWELL, Respondent, *v.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant, Impleaded with Another.

Insurance — fire — mortgagee's right to recover on policy not affected by failure of owner to make proof of loss.

Where a mortgagee has an interest in a policy of fire insurance, with the consent of the company, irrespective of whether there is a full mortgagee clause attached to the policy or merely an indorsement on its face, his right to recover is not affected by the neglect

or refusal of the owner to make proof of loss. (*Heilbrunn* v. *German Alliance Ins. Co.*, 140 App. Div. 557; 202 N. Y. 610, followed.)

*McDowell* v. *St. Paul F. & M. Ins. Co.*, 145 App. Div. 724, affirmed.

(Argued January 21, 1913; decided March 11, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 19, 1911, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William D. Murray* for appellant.   Where the policy does not contain a mortgagee clause and the insured fails to make a claim, the proof of loss required by the policy cannot be made by a mortgagee to whom the policy is payable. (1 Clement on Fire Ins. 207; *Graham* v. *Phœnix Ins. Co.*, 77 N. Y. 171; *Ayres* v. *Hart*, 17 Iowa, 178.)

*John R. De Vany* for respondent.   The mortgagee to whom the policy had been assigned, or in whose interest it has been taken, may make proofs of loss if they have not been made by the insured. (*MacMaster* v. *Insurance Co.*, 55 N. Y. 222; *Home Building Assn.* v. *Home Ins. Co.*, 94 Ga. 167; *Lombard Investment Co.* v. *D. H. Ins. Co.*, 62 Mo. App. 315; *De Witt* v. *A. Ins. Co.*, 82 Hun, 229; *Armstrong* v. *A. Ins. Co.*, 56 Hun, 399; *Graham* v. *F. Ins. Co.*, 8 Daly, 421.) The mortgagee or other person holding an interest under the policy has a right to make the proof of loss particularly when the insured arbitrarily refuses or is unable to do so. (*Lewis* v. *Guardian Fire Ins. Co.*, 181 N. Y. 392; 140 App. Div. 557; 102 N. Y. 610.)

MILLER, J.   This action was brought by the plaintiff, a mortgagee, upon a policy of fire insurance issued to the mortgagor, and the single question involved is whether the refusal of the mortgagor to make proof of loss at the

request of the mortgagee prevents a recovery by the latter, who, upon such refusal and within the time limited by the policy, furnished such proof to the defendant. There was no mortgagee clause or rider attached to the policy, but only the following indorsement on its face, viz.: "Loss, if any, first payable to John McDowell, Mortgagee, as his interest may appear."

The standard fire insurance policy of the state of New York contains in lines numbered 56 to 59, inclusive, this provision:

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of. insurance relating to such interest as shall be written upon, attached, or appended hereto."

The earlier provisions relate to matters affecting the risk either when incurred or while subsisting. The later provisions relate in the main to conditions to be complied with by the "insured" after a loss has occurred. This court decided in *Heilbrunn* v. *German Alliance Insurance Co.* (202 N. Y. 610) that the said later provisions relating in terms to the "insured" or mortgagor did not apply to a mortgagee and adopted the opinion of Mr. Justice Scott on the point. (*Vide* 140 App. Div. 557.) There was a mortgagee clause attached to the policy in that case, but the reasoning of that opinion applies with equal force to a case like this, in which, by an indorsement on the policy, an interest is created by the act of the parties in favor of a mortgagee. It is undoubtedly the settled law of this state that such an indorsement, in the absence of a mortgagee clause, does not import an undertaking to pay the mortgagee, independent of that to pay the "insured" or the mortgagor. (*Grosvenor* v. *Atlantic Fire Insurance Co.*, 17 N. Y. 391; *Bidwell* v. *North-*

*western Insurance Co.*, 19 N. Y. 179; *Perry* v. *Lorillard Fire Insurance Co.*, 61 N. Y. 214; *Weed* v. *London & Lancashire Fire Ins. Co.*, 116 N. Y. 106.) The rule is the same in the case of the standard form of policy prescribed by chapter 488 of the Laws of 1886. (*Moore* v. *Hanover Fire Insurance Co.*, 141 N. Y. 219.) But the words "first payable" and "as his interest may appear," import that the interest of the mortgagee is greater than that of a mere naked appointee. (See *Pitney* v. *Glens Falls Insurance Co.*, 65 N. Y. 6.) The plaintiff has a vested legal interest in the contract, and a settlement made between the mortgagor and the defendant without his knowledge or consent would not have been a bar to a recovery by him. (*Hathaway* v. *Orient Insurance Company*, 134 N. Y. 409.) He would be a necessary party to an action on the policy brought by the mortgagor. (*Lewis* v. *Guardian Fire & Life Assurance Co.*, 181 N. Y. 392.) An interest under the policy, therefore, existed in his favor as mortgagee with the consent of the company, and the case is plainly within the terms of the provision, hereinbefore quoted. It is also within the reason of it, equally with the case in which there is a mortgagee clause.

Upon the first reading of that provision it might appear to have been intended that the earlier provisions should not apply to the interest of a mortgagee except as, or "in the manner," provided by the rider to be attached; but a comparison of a single one of those provisions with the standard mortgagee clause discloses the error of that interpretation. Lines 31 to 35 provide that the company shall not be liable for loss caused by "invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or by theft;" or, except as specified, by explosion or lightning. Plainly, the company does not insure against those risks either as to the owner or a mortgagee, but said provision is in no way referred to in the authorized riders. Obviously,

therefore, the intention was that the earlier provisions should apply to the interest of a mortgagee "or other person," etc., except as otherwise provided by the "provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended" to the policy. In the case at bar, the only provision written upon, attached or appended to the policy is the said indorsement. All of the earlier provisions, therefore, apply, and any act or breach of condition, while the risk was subsisting, which would have invalidated the insurance as to the owner, would equally have done so as to the plaintiff. That is as far as the cases go, which hold that the undertaking to pay the mortgagee in such case is collateral to, and dependent upon, the undertaking to pay the mortgagor. In case a mortgagee clause is attached many of the said earlier provisions do not apply at all, because expressly excepted.

The further study of the terms of the standard policy strengthens the view, taken in the *Heilbrunn* case, that the provisions which follow lines 56 to 59, most of which relate in terms to the "insured," were not intended to apply to a mortgagee. Among those provisions is one, lines 96 to 101, for contribution in case of other insurance. If that applied to a mortgagee there would be no occasion for a contribution clause in a rider except to limit or supplement the clause of the policy. There are two standard mortgagee clauses applicable where the owner has an interest in the insurance. They are alike except that one makes no reference whatever to the subject of contribution and the other contains the following clause:

"In case of any other insurance upon the within described property this company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise."

Plainly, that was not intended to limit or supplement the like clause of the policy. In this connection the case of *Eddy* v. *London Assurance Corporation* (143 N. Y. 311) is interesting. The court had under consideration in that case the effect on the interest of the mortgagee of additional insurance procured without his knowledge or consent by the mortgagor. There were a number of policies involved with mortgagee clauses attached, some omitting, and others containing, the contribution clause. It was decided that the contribution clause of the policy did not apply for the reason that it conflicted with the provision of the rider that the insurance as to the interest of the mortgagee should not be invalidated by any act or neglect of the owner. Lines 56 to 59 were apparently not considered or called to the attention of the court in that case. Following the *Heilbrunn* case, we should now reach the same conclusion but for a different reason, *i. e.*, that the contribution clause of the policy follows the provision in lines 56 to 59. It was also decided in the *Eddy* case that the contribution provision of the mortgagee clause applied only to insurance obtained for the benefit or with the consent of the mortgagee. I refer to that merely to show how the courts strive to harmonize inconsistent provisions of an instrument so as to give some effect to all without defeating the real purpose of the parties.

It was plainly the intention of the parties that the plaintiff as mortgagee should have an interest in the insurance superior to that of the owner. The loss was to be first payable to the plaintiff. The defendant's construction of the contract defeats that purpose. It permits the destruction of that interest after a loss has occurred by the arbitrary refusal of the insured, *i. e.*, the owner, to make proof of loss. It is reasonable that those conditions which affect the risk, while it is subsisting, should apply alike to mortgagor and mortgagee, unless the parties have expressly stipulated otherwise by attach-

ing a mortgagee clause.    It is unreasonable that, after a loss has occurred, the interest of the mortgagee should be subject to the caprice of the owner, and that is equally true whether there be a mortgagee clause or merely an indorsement as in the case at bar.

Two constructions, which avoid the unreasonable result suggested, seem to be possible, namely: 1, The construction adopted by the Appellate Division in this case, that the mortgagee is the "insured" within the meaning of the clause requiring proofs of loss; 2, the construction adopted in the *Heilbrunn* case, applied to every case in which a mortgagee as such has an interest in the policy with the consent of the company, irrespective of whether there is a full mortgagee clause attached to the policy or merely an indorsement on its face.    The former construction has the support of the only decisions in this state on the point which have been called to our attention.    (*Cornell* v. *Le Roy*, 9 Wend. 163; *Armstrong* v. *Agricultural Insurance Co.*, 56 Hun, 399; reversed on another point, 130 N. Y. 560; *Moore* v. *Hanover Fire Insurance Co.*, 71 Hun, 199; also reversed on another point, 141 N. Y. 219.)    But there is ample internal evidence that the word "insured," if used in the same sense throughout the contract, applies only to the owner, the one to whom the policy was issued.    The latter construction does not do violence to any language of the contract, but rather tends to give some effect to all of its provisions and at the same time to carry out its primary purpose.    It is within the logic of the *Heilbrunn* case, and we, therefore, adopt it.

The order should be affirmed, and judgment absolute ordered against the appellant on the stipulation, with costs in all courts.

Cullen, Ch. J., Gray, Werner, Hiscock and Collin, JJ., concur; Cuddeback, J., concurs in result.

Order affirmed, etc.