SYRACUSE SAVINGS BANK, Appellant, *v.* YORKSHIRE INSURANCE COMPANY, LTD., Respondent, et al., Defendants. (No. 1.)

ISADORE BLUMBERG, Appellant, *v.* YORKSHIRE INSURANCE COMPANY, LTD., Respondent, et al., Defendants. (No. 2.)

Argued March 1, 1950; decided July 11, 1950.

*Maurice F. Lane* and *Donald M. Mawhinney* for Syracuse Savings Bank, appellant. I. Under the New York standard mortgage clause a mortgagee is not bound by an appraisal and award made by the owner and the insurance company without his knowledge or consent. (*Hathaway* v. *Orient Ins. Co.*, 134 N. Y. 409; *Cromwell* v. *Brooklyn Fire Ins. Co.*, 44 N. Y. 42; *Reid* v. *McCrum*, 91 N. Y. 412; *Baltis* v. *Dobin*, 67 Barb. 507;

*Eddy* v. *London Assur. Corp.*, 143 N. Y. 311; *Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141; *Goldstein* v. *National Liberty Ins. Co.*, 256 N. Y. 26; *Heilbrunn* v. *German Alliance Ins. Co.*, 140 App. Div. 557, 202 N. Y. 610; *McDowell* v. *St. Paul Fire & Marine Ins. Co.*, 207 N. Y. 482; *Bergman* v. *Commercial Assur. Co.*, 92 Ky. 494; *Harrington* v. *Fitchburg Mut. Fire Ins. Co.*, 124 Mass. 126.) II. The power of acting as an appraiser cannot be conferred on a corporation even by consent. (*Malnati* v. *Metropolitan Life Ins. Co.*, 254 App. Div. 681; *Dougherty* v. *Equitable Life Assur. Soc.*, 238 App. Div. 696; *Hinkle* v. *Zimmerman*, 184 N. Y. 114.)

*Victor Levine* and *Sidney C. Blumberg* for Isadore Blumberg, appellant. A corporation has no power to act as an appraiser of a fire insurance loss even by consent. (*Davis* v. *Rochester Can Co.*, 220 App. Div. 487, 247 N. Y. 521; *Matter of Co-operative Law Co.*, 198 N. Y. 479; *New York Mut. Sav. & Loan Assn.* v. *Manchester Assur. Co.*, 94 App. Div. 104; *Mayer* v. *Phoenix Ins. Co.*, 124 App. Div. 241.)

*Hugh McM. Russ, P. Sidney Hand, Francis J. Maloney* and *John E. Dickinson* for respondent. I. A mortgagee under the standard mortgage clause is bound by the appraisal and award entered into by the company and the insured owner in accordance with the terms of the policy. (*Dragon* v. *Automobile Ins. Co.*, 265 Mass. 440; *Hardy* v. *Lancashire Ins. Co.*, 166 Mass. 210; *Erie Brewing Co.* v. *Ohio Farmers Ins. Co.*, 81 Ohio St. 1; *Eddy* v. *London Assur. Corp.*, 143 N. Y. 311; *Savarese* v. *Ohio Farmers Fire Ins. Co.*, 260 N. Y. 45; *Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141; *Kean* v. *National Sur. Co.*, 241 N. Y. 252; *Williams* v. *Gridley*, 110 App. Div. 525.) II. Since an appraisal under a fire insurance policy is merely a ministerial act and not an arbitration, there is nothing to prevent a corporation from acting. (*Colonial City Traction Co.* v. *Kingston City R. R. Co.*, 154 N. Y. 493; *People ex rel. Metropolitan St. Ry. Co.* v. *State Bd. of Tax Comrs.*, 174 N. Y. 417; *Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285; *Matter of Culbertson* v. *Kem Playing Cards, Inc.*, 259 App. Div. 263; *Townsend* v. *Greenwich Ins. Co.*, 86 App. Div. 323, 178 N. Y. 634; *Strome* v. *London Assur. Corp.*, 20 App. Div. 571, 162 N. Y. 627; *Matter of American Ins. Co.*, 208 App. Div. 168; *Wurster* v. *Armfield*, 175 N. Y. 256.)

Dye, J.  These two actions, which were tried together although never formally consolidated, are here pursuant to our leave on the question whether, under the New York standard mortgagee clause as incorporated into a standard fire insurance policy, a mortgagee — here the Syracuse Savings Bank, plaintiff-appellant in action No. 1 (hereinafter referred to as the Bank) — may be bound by an appraisal of loss conducted by the owner — here Isadore Blumberg, plaintiff-appellant in action No. 2 — and the insurer — here Yorkshire Insurance Company, Ltd., defendant-respondent in both actions (hereinafter referred to as Yorkshire) — without the mortgagee's participation in either the selection of the appraiser or the formulation of the award.

The essential facts are undisputed.  Blumberg is the owner of a building upon which the Bank holds a $44,000 mortgage executed by Blumberg and his wife, which contained a provision that they would keep the premises insured for the mortgagee's benefit.  Blumberg as owner procured from four different insurance companies — of which the defendant, Yorkshire, was one — New York standard fire policies in the total amount of $27,000 all of which included a New York standard mortgagee clause.  While the policies were in effect a fire in an adjacent building caused extensive smoke and water damage to the Blumberg property.  Blumberg and Yorkshire, failing to agree as to the amount of the loss, proceeded in accordance with the terms of the policy to the appointment of appraisers to fix the sound value of the building and the amount of the loss.  Blumberg selected the J. D. Taylor Construction Corporation, a domestic corporation, and Yorkshire nominated an individual, F. T. Delaney.  The Taylor corporation, acting through its vice-president, R. D. Cragg, and the said Delaney found a sound value of $20,000 and fixed the loss at $4,366 which amount they awarded to Blumberg.  Yorkshire's prorata share under its policy amounted to the sum of $808.52, which was tendered to the Bank and Blumberg by a check drawn to both their names. The plaintiff Bank rejected the tender and advised Blumberg to refuse also.  It is conceded by a stipulation entered into on the trial that the Bank had no notice of, and did not participate in, the appraisal.  Furthermore, it is conceded by the Bank that there was present no element of fraud or bad faith nor is there any claim by any party that the policy conditions were not fully complied with by Blumberg and Yorkshire,

The controversy turns on the meaning of the standard mortgagee clause as used in the policy when read in connection with the appraisal provisions, viz.: " Loss or damage, if any, under this policy, shall be payable to Syracuse Savings Bank, as first mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, *shall not be invalidated by any act or neglect of the mortgagor or owner* ". (Emphasis supplied.)

It is well settled in this and most other States that a mortgagee clause in a standard form policy creates an *independent* insurance of the mortgagee's interest just as if he had received a separate policy from the company but without any inconsistent or repugnant conditions imposed upon the owner and free from invalidation by the latter's " act or neglect " (*Savarese* v. *Ohio Farmers Ins. Co.*, 260 N. Y. 45; *Goldstein* v. *National Liberty Ins. Co.*, 256 N. Y. 26; *McDowell* v. *St. Paul Fire & Marine Ins. Co.*, 207 N. Y. 482; *Heilbrunn* v. *German Alliance Ins. Co.*, 140 App. Div. 557, affd. 202 N. Y. 610; *Eddy* v. *London Assur. Corp.*, 143 N. Y. 311; *Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141; *Browning* v. *Home Ins. Co.*, 71 N. Y. 508).

This principle of the mortgagee's separate independent interest in the proceeds of the policy has been conclusive of earlier problems arising under this and similar clauses. Thus, failure of the owner to render proof of loss as required by provisions of the policy within the policy time limit, may not prevent a mortgagee's recovery (*McDowell* v. *St. Paul Fire & Marine Ins. Co., supra*), the interest of the mortgagee and owner being regarded as distinct subjects of insurance (*Heilbrunn* v. *German Alliance Ins. Co., supra*). The mortgagee, we have held, is a necessary party to any suit to recover for a fire loss brought by the owner against the company (*Lewis* v. *Guardian Fire & Life Assur. Co.*, 181 N. Y. 392), if a judgment rendered in such an action is to be binding upon the mortgagee (see *Steinbach* v. *Prudential Ins. Co.*, 172 N. Y. 471; Civ. Prac. Act, § 193). Nor is the mortgagee to be bound in any manner by the owner's proof of loss or any admission by an owner after a fire concerning either the sound value of the property or the amount of damage in an action by the mortgagee against the insurer for there is no relationship of principal and agent — their interest being

separate and distinct (*Browning* v. *Home Ins. Co., supra*). We thus come to the further conclusion that no settlement between the owner and the insurer can operate in any way to the detriment of a mortgagee (*Hathaway* v. *Orient Ins. Co.*, 134 N. Y. 409; *McDowell* v. *St. Paul Fire & Marine Ins. Co., supra*). It necessarily follows that a mortgagee in his own right is entitled as a principal to participate in any appraisal proceedings which will actually determine the amount due him by reason of the mortgage.

The Appellate Division found its answer to the present problem in the Massachusetts rule enunciated in *Dragon* v. *Automobile Ins. Co.* (265 Mass. 440). Although recognizing the separability of interest under a standard mortgagee clause (see *Hardy* v. *Lancashire Ins. Co.*, 166 Mass. 210), it was there held that the mortgagee is bound by an appraisal conducted without his participation but otherwise pursuant to the terms of the policy. Authority for this view was found in *Erie Brewing Co.* v. *Ohio Farmers Ins. Co.* (81 Ohio St. 1), a case which arose in a jurisdiction which does *not* accord to a mortgagee any separate insurable interest under the standard mortgagee clause. The holding in the *Erie Brewing Co.* case has been criticized by many commentators as contrary to the weight of authority (see Richards on Law of Insurance [4th ed.], § 281; 25 L. R. A. [N. S.] 740; 38 A. L. R. 383, 389; 111 A. L. R. 697; 29 Am. Jur., Insurance, § 1253; see *Beaver Falls B. & Loan Assn.* v. *Allemania Fire Ins. Co.*, 305 Pa. 290). Much of the difficulty with the *Erie Brewing Co.* case appears to stem from its reliance upon *Chandos* v. *American Fire Ins. Co.* (84 Wis. 184) in which neither a standard mortgagee clause nor its predecessor, the "Union Mortgagee Clause" was involved. That case was decided upon the construction of a simple "loss payable" clause which is generally considered to amount to no more than a designation of an assignee to receive payments, who, as an assignee, stands only in the shoes of his assignor, the owner (19 L. R. A. 321).

The reasoning adopted in *Beaver Falls B. & Loan Assn.* v. *Allemania Fire Ins. Co.*, (*supra*) and other jurisdictions and text writers adopting the same view, turns on the recognition of the separate distinct right enjoyed by the mortgagee of which it may not be deprived by any act or neglect of the mortgagor. The

clear language of this condition can mean but one thing, namely, that if ''any *act* or neglect '' of the mortgagor operates to the mortgagee's prejudice he is not bound thereby. An appraisal conducted by the mortgagor and the company without notice to the mortgagee might, and sometimes does, operate to the detriment of the mortgagee and this may be so notwithstanding the fact that the mortgagor usually has an equity in the premises above and beyond the amount of the mortgagee's lien. This should not be our test — rather we look to see whether the mortgagee may be deprived of the full measure of its protection. The phrase '' any act '' should be construed as sufficiently broad to extend to the appraisal conditions of the policy. To repeat what was said in the *Beaver Falls* opinion (*supra,* p. 295) : '' The language of the clause must be permitted to operate, and, so operating, no act of the owner can deprive the mortgagee of the protection which the policy afforded.'' (Cf. *Scottish Union & Nat. Ins. Co.* v. *Field,* 18 Col. App. 68; *Collinsville Sav. Soc.* v. *Boston Ins. Co.,* 77 Conn. 676; *Hartford Fire Ins. Co.* v. *Olcott,* 97 Ill. 439; *Syndicate Ins. Co.* v. *Bohn,* 65 F. 165; *Reeder* v. *Twin City Fire Ins. Co.,* 5 F. Supp. 805; *Queens Ins. Co.* v. *People's Union Sav. Bank,* 50 F. 2d 63; 14 R. C. L., Insurance, § 534, p. 1365; 29 Am. Jur., Insurance, § 1253.) So viewed, the distinct and separate interest which the standard mortgagee clause confers on the holder of a mortgage necessarily means that in the event of loss he is entitled to notice and the opportunity to participate in an appraisal, if he is to be bound thereby. This is not repugnant to or inconsistent with the condition of the policy providing that a mortgagee is entitled to file a proof of loss whenever the owner fails or neglects to file such proof within the policy limits. The policy is designed to cover all possible situations. When a mortgagee clause is used a new party with a separate and distinct interest is added. Under such circumstances it would be illogical to assume that the appraisal conditions were not available, particularly when the express language of the mortgagee clause provides that the mortgagee's interest '' shall not be invalidated by any act or neglect ''. So interpreted, the mortgagee is a principal and must be treated as such.

Upon principle and precedent then, we hold that a standard mortgagee clause, creating as it does, a separate and inde-

pendent insurance of the mortgagee's interest, must operate to free the latter from any act or neglect by the owner, despite the fact that the latter may be, in his own right, proceeding strictly in accordance with the policy terms and conditions applicable to him when the loss occurs (cf. *Savarese* v. *Ohio Farmers Ins. Co., supra; Eddy* v. *London Assur. Corp., supra*). The owner has no greater power to affect the mortgagee's security interest by sanctioning an appraisal proceeding without his knowledge and participation than he has by entering into a settlement with the insurer or by procuring a judgment in an action to which the mortgagee was not a party.

We turn to a second point presented by this appeal. The validity of the appraisal made herein is now challenged by Blumberg as invalid on the ground that a corporation was incompetent to act as an appraiser. This is predicated on the circumstance that the Taylor corporation's charter while, in general terms, authorizing it to engage in the building and construction business, does not specifically authorize it to act as an appraiser. Appraisal of real property is not, however, an unreasonable incident to such a business and may well lie among the necessary implied powers of the corporation. The doctrine of *ultra vires* has been developed for the benefit and protection of stockholders and directors or contracting parties and not for disinterested third parties (7 Fletcher on Corporations, §§ 3419, 3448). Only the State may collaterally take cognizance of corporate malfeasance (§ 3457), (*People* v. *North Riv. Sugar Refining Co.*, 121 N. Y. 582).

It is also pointed out by the appellants that a written oath attached to the appraisal report was signed in the corporate name. This, however, has little force and effect, depending, as it does, entirely on the theory that the appraisal must be governed by the statutory provisions of the act relating to arbitration proceedings despite the clearly permissive rather than mandatory effect of prior procedure (Civ. Prac. Act, art. 84). We see nothing in section 1448 of the Civil Practice Act as amended in 1941, requiring the appraisal authorized by section 168 of the Insurance Law to be treated as an arbitration proceeding. The case of *Davis* v. *Rochester Can Co.* (220 App. Div. 487, affd. 247 N. Y. 521) relied upon in the first appeal below (268 App. Div. 818) questioned the capacity of the Interstate Com-

merce Commission to act as an arbitrator. The ruling that it could not so act turned solely on a construction of that agency's statutory powers and is, therefore, unavailing here. There is nothing in the policy provision relating to appraisal which gives an appraiser the status of an arbitrator or requires him to sign an oath. It is well established that the determination of a fire loss is not an arbitration proceeding (*Matter of Fletcher* [*Nicholas*], 237 N. Y. 440; *Townsend* v. *Greenwich Ins. Co.,* 86 App. Div. 323, affd. 178 N. Y. 634; *Strome* v. *London Assur. Corp.,* 20 App. Div. 571, affd. 162 N. Y. 627; *Matter of American Ins. Co.* [*Wasserman*], 208 App. Div. 168; *Williams* v. *Hamilton Fire Ins. Co.,* 118 Misc. 799; 6 Appleman on Insurance Law and Practice, § 3922, p. 321) and that an appraiser's oath is unnecessary (*Wurster* v. *Armfield,* 175 N. Y. 256, 264; *Matter of American Ins. Co.* [*Wasserman*], *supra; Williams* v. *Hamilton Fire Ins. Co., supra; Turner* v. *New York Central & H. R. R. R. Co.,* 74 Misc. 524).

In any event, the Taylor corporation was named by the mortgagor who now seeks to avoid the consequences of his own act. As far as Blumberg is concerned, he is estopped from making any complaint. So far as the bank is concerned, the question is academic in view of our ruling that it is not bound by the appraisal.

The judgments in Syracuse Savings Bank v. Yorkshire Insurance Company, Ltd., should be reversed and a new trial granted, with costs to abide the event; the judgment in Blumberg v. Yorkshire Insurance Company, Ltd., should be affirmed, with costs.

FULD, J. (concurring). I, too, am for reversal in the action brought by the Syracuse Savings Bank, but I would add a few words about that aspect of the case relating to the appraisal provision.

The conclusion reached by Judge DYE follows, it seems to me, from the settled rule that the effect of the mortgagee clause is to make an entirely separate insurance of the mortgagee's interest and to impose upon the insurance company an independent obligation to pay the loss or damage under the policy to the mortgagee " as interest may appear ". (See e.g., *Savarese* v. *Ohio Farmers Ins. Co.,* 260 N. Y. 45, 51; *McDowell* v. *St. Paul Fire & Marine Ins. Co.,* 207 N. Y. 482, 487–488; *Eddy*

v. *London Assur. Corp.*, 143 N. Y. 311, 322.) That being so, that interest of the mortgagee may not be affected by any act or statement of the insured owner and mortgagor. The latter is the party who takes out the insurance and, by reason of that, the one called upon to perform many of the provisions of the policy, but that does not render him the agent of the mortgagee to bind the latter without his acquiescence or, at least, without his knowledge after notice.

Thus, the amount of the loss or damage set forth in the proof of loss filed, as prescribed in the policy, by the owner and mortgagor with the insurance company is not binding on the mortgagee, for it has been held that no admission of the former after the fire has occurred concerning the property's worth or the amount of the damage is even receivable in evidence against the mortgagee in an action brought by him against the company on the policy. (See *Browning* v. *Home Ins. Co.*, 71 N. Y. 508, 512.) Moreover, an agreement of settlement between the owner and the insurance company is not binding upon the mortgagee — even though the policy provides that the insurance company is to pay the loss as ascertained or estimated " by the insured and this company." (See *Hathaway* v. *Orient Ins. Co.*, 134 N. Y. 409; see, also, *McDowell* v. *St. Paul Fire & Marine Ins. Co., supra,* 207 N. Y. 482, 485.) And, beyond that, since the mortgagee is a necessary party in a suit brought by the owner mortgagor against the insurance company upon the policy for the loss or damage suffered (see *Lewis* v. *Guardian Fire & Life Assur. Co.*, 181 N. Y. 392, 397–398), a judgment rendered in such an action is not binding upon the mortgagee if he was not a party to it. (Civ. Prac. Act, § 193; see *Steinbach* v. *Prudential Ins. Co.*, 172 N. Y. 471, 477–478; see, also, Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 169, 176–179; Shapiro, Necessary and Indispensable Parties [1941], 29 Cal. L. Rev. 731, 736.)

Certainly, then, if the mortgagee must be a party to any settlement between the insured and the company and to any judicial proceeding brought by the insured against the company, the mortgagee cannot be bound by an appraisal of which it had no notice and in which it had no opportunity to participate.

It is no answer that the policy issued by the company provides for the appointment of appraisers by the insured and the company "In case the insured and this Company shall fail to agree

as to the amount of loss or damage ''. As I pointed out above, the policy before the court in the *Hathaway* case provided for an *" ascertainment " of damage to be " made by the insured and this company "*, and yet this court held that an agreement of settlement between them was not binding upon the mortgagee (134 N. Y. 409).

The policy was written to cover all cases, whether there was a mortgagee or not. There would, of course, be no question as to the binding effect of the award arrived at pursuant to the appraisal provision — just as there would be no doubt as to the conclusiveness of the proof of loss filed by the insured or the settlement agreed to by him — if there was no mortgage on the property. But it does not follow, from the presence of the provision in the policy, that it is binding on any one but the insured. While, therefore, the policy provided for an appraisal by appraisers selected by the insured and the company, that provision was not intended or designed to prescribe the applicable rules of law that would govern the rights of the parties involved if there was a mortgagee. In short, relating it to the present case, who are to be parties to the appraisal proceeding, in order to render the award binding in any particular case, depends upon principles altogether independent of the policy itself, and those principles do not permit the insured to deprive the mortgagee of the right to participate in a proceeding designed to determine the amount to be paid by the company on account of the loss or damage suffered.

No one will question the fairness and the importance of permitting the mortgagee to participate in fixing the amount to be paid under the policy. In many cases, his mortgage interest will be in excess of the fire damage and he will be entitled, under his contract with the company, to the entire amount of insurance paid. It would be going pretty far to hold that the mortgagee has not only no say in choosing the appraisers who are to hear and determine the question of the amount to be paid to him, but no right to attend the appraisal proceedings and introduce evidence that will have a bearing upon that question. True, the mortgagor may be intent on procuring the highest possible award, and, it may be urged, he may be expected to present all available evidence and in the best possible light. That same argument, however, could be advanced with equal force where the

insured owner enters into an agreement of settlement with the company or where the insured sues the insurance company upon the policy and obtains a judgment, and yet it is settled that neither the agreement nor the judgment is binding upon the mortgagee. The mortgagee has a vital, indeed, a primary interest, which is distinct from the owner's and he should not be precluded from protecting this interest in the manner he deems most effective and from participating in the proceeding which will actually decide the amount to be paid to him.

The judgments of the Appellate Division should be reversed in the Bank case.

DESMOND, J. (dissenting in first above-entitled action). No one doubts that the standard mortgagee clause, in a fire insurance policy, creates an independent contract of insurance for the separate benefit of the mortgagee (*Goldstein* v. *National Liberty Ins. Co.*, 256 N. Y. 26, 29). In other words, the insurer is separately and directly obligated to the mortgagee. However, for the terms of that separate contractual obligation (insurer to mortgagee) we must look to the policy itself, for there is nowhere else to look. The sole question here is as to the alleged contractual right of the mortgagee (plaintiff Syracuse Savings Bank) to have notice of, and participate in, the appraisal procedure described in the policy as one of the methods of *establishing* the amount of the loss. Since the policy contains no language conferring any such right on a mortgagee, and indeed specifically confers such a right on the owner alone, I cannot find a basis for a holding that the mortgagee has such a right, nonetheless. Where does it come from?

The policy provisions bearing on this question are these: "STANDARD MORTGAGEE CLAUSE. Loss or damage, if any, under this policy, shall be payable to Syracuse Savings Bank, as first mortgagee * * * as interest may appear, and this insurance, as to the interest of the mortgagee * * * only therein, shall not be invalidated by any act or neglect of the mortgagor or owner * * *."

"Appraisal. In case the insured and this Company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon

such umpire then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record \* \* \*. The appraisers shall then appraise the loss and damage \* \* \* and failing to agree, shall submit their differences only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of sound value and loss or damage ".

Thus by the contract of the mortgagee with the insurer, it is provided: first that the loss or damage " *under the policy* " shall be paid to the mortgagee; second, that this insurance of the mortgagee shall not be invalidated by any act or neglect of the owner; third, that in case of disagreement between the insured and the company, there shall be an appraisal, with an appraiser nominated by the insured and the other by the company, and an umpire selected by the two appraisers; and, fourth, that the appraisal award shall determine the amount due under the policy. It can hardly be doubted that the " insured " referred to in the appraisal provision is the owner, not the mortgagee. Thus, there is nothing whatever in the policy to give the mortgagee any part in the appraisal. Since the policy makes the appraisal award determinative of the amount of loss, the appraisal, unless shown to be fraudulent or otherwise vitiated, must of necessity, conclude the mortgagee.

Surely, the owner, by going forward in good faith with the very appraisal procedures set up by the very policy to which the mortgagee must look for all the latter's rights, cannot be guilty of an act or neglect invalidating the mortgagee's rights. The owner, by so doing, is not invalidating, but asserting the mortgagee's right to collect the amount of the loss.

None of the cases cited here for reversal is authority for a holding that the mortgagee, despite the very language of the policy on which he relies, has some separate right to conduct or control the appraisal. *Browning* v. *Home Ins. Co.* (71 N. Y. 508) says only that once a mortgagee's rights have become fixed, they cannot be affected by any admissions or declarations made by the owner. *Hathaway* v. *Orient Ins. Co.* (134 N. Y. 409, 413) says that a compromise or accord and satisfaction, agreed to by the owner without the mortgagee's consent, does not bind the mortgagee. *McDowell* v. *St. Paul Fire & Marine Ins. Co.* (207 N. Y. 482) holds that the owner's *neglect* to file a

proof of loss does not affect the mortgagee's separate rights. *Lewis* v. *Guardian Fire & Life Assur. Co.* (181 N. Y. 392) deals with a procedural matter only: the necessity for joining the mortgagee in a suit on the policy. *Savarese* v. *Ohio Farmers Ins. Co.* (260 N. Y. 45) is another case of an owner attempting to cut down a mortgagee's rights by accepting from the insurer something less than the full amount of the loss. Actually, the *Savarese* decision points to affirmance here, since it illustrates that, despite the "separate insurance" theory, there may be a full satisfaction of a policy loss without notice to, knowledge of, or payment to, the mortgagee; in the *Savarese* case, had the insurer properly exercised its option by notice to the owner alone, it could have performed its full obligation under the policy by repairing the property, without paying the mortgagee anything. *Savarese* v. *Ohio Farmers Ins. Co.*, demonstrates that the mortgagee's rights, as to amount and payment of the loss, are those only which the policy mentions and describes.

The language of the appraisal clause which contemplates an owner-appointed appraiser and an insurer-appointed appraiser, cannot be stretched to let in a third appraiser, the presence of a third appraiser would destroy the policy's plainly pictured scheme of appraisal, and no reason appears why such stretching should be attempted. All the mortgagee is entitled to is the amount of the loss, determined as per the policy. This judgment gives it that.

The judgments in both actions should be affirmed, with costs.

In first above-entitled action: Judgments reversed, etc.

In second above-entitled action: Judgment affirmed.

In first above-entitled action: LEWIS and CONWAY, JJ., concur with DYE, J.; FULD, J., concurs in separate opinion in which LEWIS and CONWAY, JJ., also concur; DESMOND, J., dissents in opinion in which LOUGHRAN, Ch. J., and FROESSEL, J., concur.

In second above-entitled action: LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and FROESSEL, JJ., concur.

[See 301 N. Y. 731.]