■     EDWARD COLLIER et al. v. U. S. TRUCKING CORPORATION et al.— Motion for reargument or, more properly, for resettlement granted. Concur — Steuer, Tilzer, Eager and Capozzoli, JJ.; McNally, J. P., dissents and would deny the motion.

## (December 7, 1972)

■     SFC ACCEPTANCE CORPORATION, Appellant, v. SHAR-HOW, INC., Defendant, and ROCKLAND MUTUAL INSURANCE COMPANY, Respondent. — Order, Supreme Court, New York County, entered on December 6, 1971, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur — Markewich, Kupferman, Murphy and Tilzer, JJ.; McGivern, J., dissents in the following memorandum: I do not consider the order made, nor the opinion rendered by Justice Tierney on the previous motion to be dispositive of plaintiff's informal cross motion for summary judgment, made in response to defendant Rockland's formal motion for summary judgment dismissing the complaint. The denial of defendant Rockland's prior motion does not support the implication of a denial of plaintiff's request. The fact that Justice Tierney had the power to hear and determine plaintiff's informal cross motion is of no consequence. (See *Klein* v. *Compania Azucarera Vertientes — Camagney de Cuba,* 28 A D 2d 142.) Absent any reference to plaintiff's application in Justice Tierney's opinion, or in the recitals of his prior order, there is no foundation for even an assumption of his allegedly implied disposition of plaintiff's application. In any event, it is elementary that a determination not embodied in an order has no binding force, and it is clear that Justice Tierney's prior order fails to contain any decretal paragraph disposing of plaintiff's application. Under these circumstances, in my view, Justice Warner erred in concluding in the order appealed from that the prior adjudication of Justice Tierney was a bar to the granting of the relief sought by this motion. To the contrary, in my view the plaintiff was deprived of its right to notice of cancellation and, therefore, is entitled to recover. (See *Fields* v. *Western Mut. Fire Ins. Co.,* 290 N. Y. 209; *Syracuse Sav. Bank* v. *Yorkshire Ins. Co.,* 301 N. Y. 403; *National Factors* v. *Holford,* 27 A D 2d 377; *Fifty States Mgt. Corp.* v. *Public Serv. Mut. Ins. Co.,* 67 Misc 2d 778.) Thus, I would, in the interests of justice, and to avoid circuity of action, consider the motion on the merits and grant plaintiff's motion, on the law, for summary judgment.