■ DEREK ARMSTRONG et al., Respondents, v CALIBER ONE INDEMNITY COMPANY, Appellant. [772 NYS2d 828]—

In an action to recover damages for failure to pay for a fire loss pursuant to an insurance policy, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated March 6, 2003, as granted that branch of the plaintiffs' motion which was for summary judgment on the third cause of action and denied that branch of its cross motion which was for summary judgment dismissing the complaint in its entirety, and (2), by permission, from an order of the same court entered August 20, 2003, which, upon the prior order, directed it to issue payment satisfying the plaintiffs' mortgage.

Ordered that the order dated March 6, 2003, is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment on the third cause of action and substituting therefor a provision denying that branch of the motion, without prejudice to renewal after joinder of a necessary party; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order entered August 20, 2003, is reversed, on the law; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent with this determination; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff Derek Armstrong (hereinafter the plaintiff) is

the named insured on a homeowners policy issued by the defendant, insuring a residence in Hempstead. The residence is allegedly titled in the name of his wife, the plaintiff Sharon Armstrong. Additionally, the plaintiff alleged that there is a mortgage on the property. The insurance policy notes the mortgage of "Roslyn National Mortgage ISAOA." Neither the deed, the mortgage, nor the note are included in the record on appeal.

On March 26, 2001, there was a fire at the residence. The plaintiff filed a claim of loss which was denied by the defendant. Thereafter, the plaintiff and his wife commenced this action, alleging three causes of action and seeking to recover damages for their losses under the policy. The third cause of action alleges, in substance: there is a mortgage and that irrespective of whether or not the plaintiffs are entitled to recover under the policy, the mortgagee is entitled to recover to the extent of its interest; the plaintiffs as third-party beneficiaries thereof are entitled to enforce this claim; and they have been damaged by the defendant's failure to pay it.

The plaintiffs moved, inter alia, for summary judgment on their third cause of action. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint in its entirety, or to compel the plaintiffs to join the mortgagee as a necessary party. Insofar as is relevant to this appeal, the Supreme Court granted the motion to the extent of determining that the policy contained a "standard mortgagee clause" and that the defendant was liable thereunder to the extent of the mortgagee's interest, and embodied its determination in the first order appealed from. Based upon that order, upon notice, the plaintiffs settled the second order appealed from, which purports to effectuate the first order by directing the defendant to issue payment satisfying the mortgage.

Contrary to the Supreme Court's determination, that branch of the motion which was for summary judgment on the third cause of action should have been denied. The motion and orders affect the interest of the mortgagee, which is a necessary party to this action (see Syracuse Sav. Bank v Yorkshire Ins. Co., 301 NY 403, 407 [1950]; McDowell v St. Paul Fire & Mar. Ins. Co., 207 NY 482, 485 [1913]). Since the mortgagee was not joined, the subject branch of the motion should have been denied without prejudice to renewal after such joinder.

In light of this determination we need not reach the parties' remaining contentions. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.