## In the Matter of Francis C. Moore.

(Decided December 4th, 1876.)

Where a fire insurance policy was made to A. " as interest might appear," loss if any, payable first to the mortgagee, and the policy was held by the mortgagee as collateral security for the payment of the debt secured by the mortgage: *Held,* that the mortgagee had no authority to consent to the cancellation of the policy; and that where the mortgagee had done so, and taken out a new policy in his own name, and the premises having been injured by fire, were repaired by the mortgagor so as to put them in the same condition as before: *Held,* that the loss was payable to the mortgagor and not to the mortgagee, the latter having sustained no loss or damage.

Appeal by Frederick A. Conkling, Receiver of the Ætna Fire Insurance Company of New York, from an order of this court made by Chief Justice Daly, confirming a report made by *James McNamee,* Esq., appointed referee to hear and determine all such claims against The Ætna F. Insurance Company of the city of New York, as should be exhibited to him.

In October, 1871, an action was brought by Joseph B. Allee against The Ætna Insurance Company, as a stockholder and creditor of the company, for the purpose of winding up its affairs. On the application of the plaintiff in that suit, an order was entered October 16th, 1871, appointing the appellant Frederick A. Conkling, receiver of all the property, funds and effects of the company, with power to settle any controversy that should arise between him and any debtors or creditors of the company by a reference. On April 30th, 1872, an order was duly entered appointing James McNamee, Esq., referee, to hear and determine such claims against the company as might be contested.

One Francis C. Moore presented a claim, which was objected to by the receiver, upon which testimony was taken by the respective parties before the referee, and thereupon the referee reported in favor of the claimant.

The facts in relation to the claim, and the objections thereto, were as they were found by the referee, as follows: The Ætna Insurance Company issued a policy whereby it insured

" Mrs. Eliza Redman as owner, and the Citizens' Savings Bank as mortgagee, as interest may appear, loss, if any, first payable to Citizens' Savings Bank as such mortgagee," against loss or damage by fire, to the amount of $4,500, on a house in New York city. This policy contained a clause providing that the insurance might be terminated at any time at the request of the assured, and that the insurance might also be terminated at any time at the option of the company, on giving notice to that effect and refunding a ratable proportion of the premium for the unexpired term of the policy.

On the 8th and 9th days of October, 1871, the Ætna Insurance Company was rendered insolvent, by reason of losses sustained in the great fire which occurred in Chicago at those dates, and on October 12th, 1871, the Citizens' Savings Bank insured its interest as mortgagees of said property, to the amount of $4,500, in the Continental Insurance Company of New York city. On October 13th, 1871, Seymour A. Bunce, the secretary of that bank, gave to the said Ætna Insurance Company permission and authority to cancel the said policy, and agreed that it should be canceled upon discovery by said company that it was rendered actually insolvent by reason of said fire at Chicago. On October 16th, 1871, the said company discovered that it was actually insolvent for the said reason, and that on that day Frederick A. Conkling, president of said company, was appointed receiver thereof. On October 18th, 1871, the said receiver, by virtue of the permission, authority and agreement aforesaid, indorsed upon the books of said company, at the record of said policy, that the same was canceled on that date. No return of a portion of the premium paid for the renewal of said policy was, prior to the fire on the premises thereby insured, actually tendered or requested, and the policy of insurance was not put in the possession of said company at the time the said Bunce gave said permission to cancel the same, and never into its possession, or into possession of the receiver.

On October 22d, 1871, the premises named in said policy were damaged by fire to the amount of $210. The referee also found that the Citizens' Savings Bank held a mortgage,

In the Matter of Francis C. Moore.

given by Mrs. Redman, prior to, and at the time of the loss, a lien on the property insured by the policy under which recovery was claimed; that said policy was held by said bank solely as collateral security for the aforesaid mortgage; that all the premiums for renewals had been paid by Mrs. Eliza Redman in person, and that said Eliza Redman never gave said policy to said Bunce with the understanding that he should have supervision and control of it, and never gave any person authority to cancel said policy; that the said receiver refused to pay to said Eliza Redman the loss claimed under the policy in question, on the ground that the policy had been canceled before the loss occurred; that on March 2d, 1872, said Eliza Redman, in consideration of $210 by her received, by an instrument in writing executed by her, assigned, transferred and set over to F. C. Moore, all her right, title and interest in said policy, and all claims upon said Ætna Insurance Company, or its receiver, by reason thereof, and of said loss and damage by fire; that said Citizens' Savings Bank by an instrument in writing executed under its seal on the 9th day of May, 1874, declared that it makes no claim under said policy, and that the security of its lien was fully protected by repairs to said property, and consented that the amount due from said company under said policy be paid to Eliza Redman, or her assigns.

Upon these facts the referee found that the claimant was entitled to the amount of the loss, with interest thereon, according to the terms of the policy.

Upon confirming the referee's report, the following opinion was delivered by

CHARLES P. DALY, Chief Justice.—" The referee's report should be confirmed. The insurance was by Mrs. Redman, *as interest might appear*, loss payable to the Citizens' Savings Bank. The policy was held by the bank as security for the mortgage given to it by Mrs. Redman, and the fact that the bank was entitled, in the event of the destruction of the premises by fire, to have the loss paid to it, gave the bank no authority to cancel the policy. The premium had been paid by Mrs. Redman throughout, and she had an interest in the policy

contingent úpon any change of the existing relations between her and the bank, such as the payment of the mortgage, &c., for which the policy in the hands of the bank was only collateral security. After the company became insolvent, the bank, for its security, insured its interest as mortgagee in another company, and immediately thereupon the secretary of the bank agreed that the policy with the Ætna Insurance Company might be canceled if it should be ascertained that the company was insolvent. In my opinion he had no authority to make any such agreement, and the bank having secured itself by an insurance which it thought proper to effect with another company, and Mrs. Redman, after the fire, having repaired the building and restored it to the condition in which it was before the fire, the bank is fully secured by the restoration of the building, together with the policy in the other company which it held, and Mrs. Redman, and not the bank, is the one to whom the loss is payable by the defendants; she being the only one who has sustained loss and damage by the fire. The bank could not recover from the defendants, because the building has been restored by the mortgagee, for the agreement is one of indemnity, and the bank has sustained no loss or damage (*Mathewson* v. *The Western Assurance Co*. 10 Lower Canada, 18, G. C. Montreal, 8). The policy could be canceled as against Mrs. Redman only by the return of the premium and the return of it to her, for it was she, and not the bank, by whom the premium was paid and the policy continued by the payment of the accruing premiums. It could be canceled with consent of the bank and of Mrs. Redman, and by the repayment to her of the premium. The premium was not returned, and the only thing relied on, upon which I am asked to hold that the policy was canceled, is the consent or agreement of the secretary of the bank. What he consented to could not have the effect of canceling the policy. It is, as respects Mrs. Redman or her assignee, in full force and effect. The bank can claim no indemnity, for it has sustained no loss, and Mrs. Redman, who insured *as interest might appear*, is alone the one to be indemnified, she being the one who has sustained the loss and damage arising from the

fire (*Franklin Insurance Co.* v. *Massey*, 33 Penn. St. 221; *Peoria*, *&c. Insurance Co.* v. *Botto*, 47 Ill. 516; *Etna Insurance Co.* v. *Maguire*, 51 Id. 342; *Hathorn* v. *The Germania Insurance Co.* 55 Barb. 28)."

From the order entered in accordance with this opinion, the receiver appealed to the court at general term, where the appeal was argued by

*Julien T. Davies*, for appellant.

*F. C. Moore*, respondent in person.

LARREMORE, J.—The order appealed from should be affirmed, and for the reasons stated in the decision of the Chief Justice (*supra*).

There was no authority, either expressed or implied, for the cancellation of the policy as to Mrs. Redman's interest.

The contract of insurance shows that the rights of the assured were meant to be separate and distinct. This is evident from the fact that, as to the mortgagee, no act or neglect of the mortgagee would invalidate the policy. Unlike the case of *Grosvenor* v. *The Atlantic Fire Ins. Co.* (17 N. Y. 391), in which the mortgagee was regarded as an appointee to receive the money, the Citizens' Savings Bank held a contract of indemnity against loss to the extent of its loan, independent of the owner's rights, acts, or omissions. If the loan had been paid before the loss, would such payment of itself have canceled the policy, and left the owner remediless as to his indemnity?

I cannot thus interpret the intention of the parties to a contract which insures both owner and mortgagee as interest may appear.

If the loan had been partially paid, and a total loss had occurred, the excess of insurance over the balance due on the loan would have belonged to the owner of the premises. Any other construction of the policy would make it an agreement between the insurer and mortgagee, and for the sole benefit of the latter.

If this view be correct, it follows that the cancellation of. the policy was a release of the interest of the mortgagee only, and that the plaintiff is entitled to the sum awarded.

JOSEPH F. DALY and VAN HOESEN, JJ., concurred.

Order affirmed.