MORRIS J. GOLDSTEIN, Respondent, v. NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA, Appellant, Impleaded with Another.

(Argued February 16, 1931; decided March 24, 1931.)

*Louis S. Posner, Maurice Finkelstein* and *Samuel Markle* for appellant. The warranty in the policy that the premises were owned by the corporation was a breach of the sole and unconditional ownership clause which barred a recovery by the plaintiff even though he was a mortgagee under the standard mortgagee clause. (*Weed* v. *L. & L. Fire Ins. Co.*, 116 N. Y. 106; *Walton* v. *Agricultural Ins. Co.*, 116 N. Y. 317; *Germania Fire Ins. Co.* v. *Home Ins. Co.*, 144 N. Y. 195; *Rosenstein* v. *Traders' Ins. Co.*, 79 App. Div. 481; *Graham* v. *Fireman's Ins. Co.*, 87 N. Y. 69; *Heilbrunn* v. *German Alliance Ins. Co.*, 140 App. Div. 557; *Genesee Falls Savings Assn.* v. *U. S. Fire Ins. Co.*, 16 App. Div. 587; *Cole* v. *Germania Fire Ins. Co.*, 99 N. Y. 36.) The breach of warranty that the buildings were in course of construction bars a recovery by the plaintiff. (*Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165; *Halpin* v. *Ætna Fire Ins. Co.*, 120 N. Y. 70; *O'Brien* v. *Prescott Ins. Co.*, 134 N. Y. 28; *Northrup* v. *Piza*, 43 App. Div. 284; 167 N. Y. 578; *Dodge* v. *York Fire Ins. Co.*, 2 O. W. N. 571; *Dodge* v. *Western Canada Fire Ins. Co.*, 6 Dom. L. R. 355; *Young Men's Lyceum* v. *National Ben Franklin Fire Ins. Co.*, 177 App. Div. 351; *Hartwig* v. *American Ins. Co.*, 169 App. Div. 60.)

*Frank C. Laughlin, Joseph W. Kirkpatrick* and *Stewart W. Bowers* for respondent. The trial court erroneously held that plaintiff as mortgagee could not recover under the policy because the insured falsely represented to defendant on the issuance of the policy that the five houses on the premises insured were in course of construction. (*Browning* v. *Home Ins. Co.*, 71 N. Y. 508; *Woodruff* v. *Imperial Fire Ins. Co.*, 83 N. Y. 133; *O' Neil* v. *Buffalo Ins.*

*Co.*, 3 N. Y. 122; *Hill* v. *Hibernia Ins. Co.*, 10 Hun, 26; *Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24; *Dodge* v. *York Fire Ins. Co.*, 2 O. W. N. 571; *Dodge* v. *Western Canada Fire Ins. Co.*, 6 Dom. L. R. 355; *Dilliber* v. *Home Life Ins. Co.*, 69 N. Y. 256; *Robinson* v. *Supreme Commandery*, 77 App. Div. 215; 177 N. Y. 564; *Dineen* v. *General Accident Ins. Co.*, 126 App. Div. 167; *Burleigh* v. *Gebhard Fire Ins. Co.*, 90 N. Y. 220.) There was no breach of warranty invalidating the policy as to the plaintiff by reason of the fact that the corporation, through an inadvertence was named the insured instead of the individual, who apparently held the record title of the insured premises. (*Pacific Fire Ins. Co.* v. *Morris Co.*, 12 S. W. Rep. [2d] 971; *Phœnix Assur. Co.* v. *Deavenport*, 16 Tex. Civ. App. 283; *Syndicate Ins. Co.* v. *Bohn*, 65 Fed. Rep. 165; *Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141; *Riggs* v. *C. N. Ins. Co.*, 125 N. Y. 7; *Lipschitz* v. *Hotel Clark*, 226 App. Div. 839; 252 N. Y. 518; *Clinton* v. *Hope Ins. Co.*, 45 N. Y. 454; *Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 394; *Noyes* v. *Hartford Fire Ins. Co.*, 54 N. Y. 668; *Wood* v. *American Fire Ins. Co.*, 149 N. Y. 382; *Michael* v. *Prussian Nat. Ins. Co.*, 171 N. Y. 25.) Misrepresentation of ownership of property by the mortgagor or owner does not bar recovery in an action by the mortgagee insured under a mortgagee clause. (*Matter of Aioss* v. *Sardo*, 249 N. Y. 270; *Perretta* v. *St. Paul Fire & Marine Ins. Co.*, 106 Misc. Rep. 91; *Commercial Mutual Fire Ins. Co.* v. *Crawford*, 219 App. Div. 110; *Young Men's Lyceum* v. *Nat. Ben Franklin F. Ins. Co.*, 177 App. Div. 351; *Jammal* v. *Girard Fire & Marine Ins. Co.*, 210 App. Div. 145; *Syndicate Ins. Co.* v. *Bohn*, 65 Fed. Rep. 165; *Eddy* v. *L. A. Corp.*, 143 N. Y. 311.)

POUND, J. This is an action on a policy of fire insurance brought by plaintiff as mortgagee under a standard mortgagee clause, of real property in Nassau county, to recover for a fire loss thereon. The title to the premises

was in the individual "Abraham B. Schlowsky." The insurance policy insured the corporation "A. B. Schlowsky, Inc.," although the individual was the owner of the corporate stock. The buildings were described in the policy as "in course of construction." The insurer defends on the ground of breach of warranty (1) in that the interest of the insured was other than that of unconditional and sole ownership, and (2) in that the buildings were not "in course of construction" in that construction work had been abandoned thereon for a period of five months before the policy was issued. The trial court dismissed the complaint on the ground that the defense of breach of warranty that the buildings were "in course of construction" was established. The Appellate Division reversed on the ground that "there were facts presented which required the submission of the case to the jury." (228 App. Div. 833.)

If we were to proceed on the theory that a policy of fire insurance, invalid in its inception as to the insured by reason of breach of warranty as to ownership and nature of occupancy, was invalid as to the mortgagee under the standard mortgagee clause, we might find at least two questions of fact for the jury: (a) Is the corporation so completely an entity, apart from the individual owner of its stock, as to prevent a recovery on the policy by the individual who owns all or substantially all the stock? (b) Were the buildings correctly described as "in course of construction" when construction had been suspended for a considerable period from lack of funds to continue the work?

But these questions fade out of the case if we hold as matter of law that the standard mortgagee clause creates an independent contract of insurance for the separate benefit of the mortgagee which is valid and enforcible in its inception and so continues until rendered invalid by a subsequent act or neglect of the mortgagee.

The gradual evolution of the mortgagee's rights may

be traced in the reports. In *Grosvenor* v. *Atlantic Fire Ins. Co.* (17 N. Y. 391) it was held under the old clause reading " loss if any payable to X as his mortgage interest may appear," that where a fire insurance policy names the owner of the property as thè person insured and declares the damages in case of loss to be payable to another person therein named as mortgagee, the latter cannot recover in case of a breach of the conditions of the policy by the mortgagor. So when the insured had conveyed the property after the policy had been issued he had no insurable interest at the time of the fire and no claim for indemnity and the mortgagee stood in no better position. " The mortgagor must sustain a loss for which the insurers were liable, before the party appointed to receive the money would have a right to claim it " (p. 395).

The standard mortgagee clause is drawn more adequately to protect the mortgagee. It provides:

" Loss or damage, if any, under this policy, shall be payable to M. J. Goldstein as mortgagee, (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor, or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same."

The insurance company contends that this clause is predicated upon a policy valid in its inception and does not apply to a policy void as to the insured by reason of breach of warranty as to ownership or nature of occupancy. It urges that the question is not an open one in

this court. In *Graham* v. *Fireman's Ins. Co.* (87 N. Y. 69) the mortgagee clause read as follows:

" It is hereby agreed, that this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy."

The owner of the insured premises was an infant three years of age. The court held that a misrepresentation as to the ownership of the insured premises made by the applicant for insurance was not an " act or neglect of the mortgagor or owner of the property " insured. The court said:

" This clause provides that the interest of the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner of the property, and it clearly contemplated a case where the owner could act or could neglect, and not a case where the policy was issued in the name of an infant, who, by reason of its incapacity, could not furnish any protection to the company whatever " (p. 78). Nothing else was essential to the decision.

Here we have, on the contrary, acts or neglects of the owner of the property, *first*, in taking out the insurance in the corporate name instead of his own name, and *secondly*, in describing the premises as " in course of construction." These acts or neglects, if they are breaches of warranty as to him, come clearly within the language of the mortgagee clause. If we were to add to the words of the clause the further words, " subsequent to the issuance of the policy " we would be limiting its terms by construction without justification or excuse.

So it has been held in *Reed* v. *Firemen's Ins. Co.* (81 N. J. Law, 523) where the court said:

" It [insurance company] has independently promised to pay the mortgagee's loss, and has represented the instrument to be a policy, and has, by referring to it,

made use of that instrument as a valid subsisting agreement, for the purpose of more definitely, by such reference, manifesting its contract with the mortgagee. Therefore, the wording of the clause should be taken distinctly to declare, that the policy is valid and enforceable, and will so continue until rendered invalid by a subsequent act or neglect. The words of the clause ' loss shall be payable,' amount to a waiver by the company, in favor of the mortgagee, of the effect of any prior or contemporaneous act of the owner which would have a vitiating effect upon the policy," and by a strong preponderance of authority elsewhere. ( *Union Trust Co.* v. *Philadelphia Fire & Marine Ins. Co.*, 127 Me. 528, and cases cited.)

The holding is also in accord with the principle stated in *Hastings* v. *Westchester Fire Ins. Co.* (73 N. Y. 141) in which the court said:

" It [the mortgagee clause] was an independent agreement partaking in no sense of the character of an assignment of a policy of insurance, but one in which the mortgagees were recognized as a separate party, having distinct rights, and entitled to receive the full amount of insurance money, without any regard whatever to the owner of the property " (p. 148).

It follows that a policy of fire insurance in the standard form, which is void as to the owner, because of his breach of warranty as to ownership and occupancy, may, under the standard mortgagee clause, be valid as to a mortgagee.

The order should be affirmed and judgment absolute ordered against the appellant on the stipulation, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Order affirmed, etc.