ISRAEL BINDER, Also Known as ISRAEL BENDER, Appellant, *v.* NORTHERN ASSURANCE CO., LTD., OF LONDON, Respondent, ANNA GREENFIELD, Interpleaded Defendant, EDWARD POLAK, as Receiver in Supplementary Proceedings of ANNA GREENFIELD, Interpleaded Defendant, Respondent.

Supreme Court, Appellate Term, First Department, July 14, 1931.

*Weinberg & Weinberg* [*Reuben Weinberg* of counsel], for the appellant.

*Richards & Affeld* [*Stanley S. Schweitzer* of counsel], for the respondent Northern Assurance Co., Ltd., of London.

*Charles J. Kemins*, for Edward Polak, receiver.

PER CURIAM. The mortgagee is entitled to recover on the facts presented. The insurance company admits the loss and has paid the money into court. The mortgagee clause in the policy created an independent contract of insurance for the separate benefit of the mortgagee. (*Goldstein* v. *National Liberty Ins. Co.*, 256 N. Y. 26.) The only question involved is whether the mortgagee or the mortgagor's receiver is entitled to recover. Whatever might be the rule applicable if it was clearly established that the premises had been entirely restored by the mortgagor to their former condition (See *Matter of Moore*, 6 Daly, 541; *contra, Foster* v. *Equitable Mutual Fire Ins. Co.*, 68 Mass. 216), there was proof herein that some of the work of restoration had not been completed, and under the circumstances the mortgagee shows sufficient ground to recover. Anything received by him reduces the mortgage debt. (Real Prop. Law, § 254, subd. 4.) That some betterments had been wholly or partially installed would not appear to alter the situation.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff for the sum of $250.40, with interest and costs. Order of interpleader affirmed.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.