■ BEATRICE RUBENSTEIN, Appellant, v COSMOPOLITAN MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. MANUFACTURERS HANOVER TRUST COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—In an action by a mortgagee on a policy of fire insurance (1) plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County, dated August 1, 1977, as (a) denied her motion for summary judgment and (b) dismissed her complaint and (2) defendant third-party plaintiff Cosmopolitan Mutual Insurance Company (Cosmopolitan) cross-appeals from so much of the same order as denied as moot its motion for summary judgment against the third-party defendant Manufacturers Hanover Trust Company. Order modified by (1) deleting the second, third and fourth decretal paragraphs thereof and (2) deleting from the fifth decretal paragraph thereof the words "as being moot" and substituting therefor the following: "without prejudice to their renewal after the trial of the main action." As so modified, order affirmed, with $50 costs and disbursements payable to plaintiff by Cosmopolitan. The complaint and the motion papers reveal the following facts. The plaintiff is the holder of a mortgage on a parcel of real property owned by defendant Easy & Sure Discounts, Inc., and insured against fire by Cosmopolitan. The policy of insurance names the plaintiff and the owner as loss payees. A fire occurred on the premises and the owner engaged the third-party defendant Sutton Adjustment Company, Inc. (Sutton) as adjuster. In settlement of the loss, Cosmopolitan issued its check drawn on the third-party defendant Manufacturers Hanover Trust Company and payable to the adjuster, the owner and the plaintiff. After Sutton indorsed the check, the owner forged the plaintiff's indorsement and converted the proceeds. All of these events allegedly took place without the plaintiff's knowledge. The owner is in default on the mortgage and in this action. Cosmopolitan brought a third-party action against the bank and Sutton; the bank cross-claimed against the owner and the adjuster cross-claimed against the bank and the owner. On the plaintiff's motion for summary judgment, Special Term dismissed the complaint under CPLR 3212 (subd [b]) and also dismissed as moot the motions for summary judgment made by Cosmopolitan against the bank, by the bank against the owner and by Sutton against Cosmopolitan. The mortgagee under a standard mortgagee clause in a policy of fire insurance has an independent contract with the insurer which cannot be invalidated by any act of the owner and which continues valid and enforceable until rendered invalid by a subsequent act or neglect of the mortgagee *(Syracuse Sav. Bank v Yorkshire Ins. Co.,* 301 NY 403; *Goldstein v National Liberty Ins. Co.,* 256 NY 26, 29). In the event of loss, the mortgagee has an independent right to an appraisal. There is no relationship of principal and agent between the owner and the mortgagee *(Syracuse Sav. Bank v Yorkshire Ins. Co., supra,* p 407). Payment by check is not, by itself, payment of the underlying obligation *(Hutzler v Hertz Corp.,* 39 NY2d 209, 214). It was therefore error to dismiss the complaint. The plaintiff's motion for summary judgment was properly denied as there are issues of fact as to the alleged forgery and as to knowledge or neglect on the part of the plaintiff or her attorney. The other motions for summary judgment, which were dismissed as moot, should have been denied without prejudice to renewal thereof after the trial in the main action. They cannot be determined until after the trial of the main action. Hopkins, J. P., Latham, Damiani and Titone, JJ., concur.