■ MARCELINO O. VEGA et al., Plaintiffs, v NORTH RIVER INSURANCE COMPANY, Respondent, and GUASTAVO LA SERNA et al., Appellants.—Order, Supreme Court, New York County, entered on May 11, 1978, affirmed for the reasons stated by Greenfield, J., at Special Term. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Concur—Kupferman, J. P., Silverman and Sandler, JJ.; Birns, J., dissents in the following memorandum: No triable issue has been presented by the defendant-respondent insurance company to defeat the cross claim of the defendants-appellants mortgagees and therefore defendants-appellants' motion for summary judgment should have been granted at Special Term. The mortgagee clause in the policy created an independent contract between the insurer and mortgagee (30 NY Jur, Insurance, § 935), which is not subject to defenses defendant-respondent may have against plaintiff owner (Goldstein v National Liberty Ins. Co. of Amer., 256 NY 26, 32; Savarese v Ohio Farmers Ins. Co., 260 NY 45, 51). It is the claim of defendant-respondent

that the insured premises were vacant for more than 60 days and that the defendants-appellants had knowledge of this fact so as to bar any recovery under the terms of the policy. It is not disputed the premises were destroyed by fire and that the fire was reported as being of suspicious origin. A police report recited the premises to be unoccupied. There is nothing to establish when the premises became vacant or the duration of such vacancy. The defendant-respondent La Serna at one time owned the premises in question but sold them and received purchase-money mortgages now held by defendants-appellants Gola Associates, Inc., and Tari Funding Corporation by assignment. There is evidence stemming from examinations before trial of the defendants-appellants mortgagees and their representatives, that they were engaged in the real estate business in the vicinity of the destroyed premises and at one time undertook to rent an apartment therein. To raise the purported issue defendant-respondent offers the affidavits of the counsel for defendant-respondent and an investigator retained after the fire. These affidavits contain no more than speculation and conjecture that the mortgagees had knowledge of the vacancy. Essentially, the affirmation of counsel consists of argument and unsubstantiated references. The affidavit of the investigator alleges that he sought information from the owners of the property and from the last tenant therein, but was unsuccessful. Nothing is presented in these affidavits or in the extensive examinations before trial of the mortgagees to demonstrate the length of time during which the premises were vacant or that the defendants-appellants had such knowledge. Summary judgment should not be defeated by such a meagre presentation found in the record before this court. In my opinion the affidavits of defendant-respondent do not raise a triable issue, as a matter of law.