■    Marcelino O. Vega et al., Plaintiffs, v North River Insurance Company et al., Appellants.—Motion for reargument of, or alternatively for leave to appeal to the Court of Appeals, from an order of this court, entered November 16, 1978 [65 AD2d 723], affirming an order of this court, Supreme Court, New York County, entered May 11, 1978, denying appellants' motion for summary judgment in their favor and granting respondent's cross motion for leave to serve an amended answer to the cross claims of appellants. Motion of defendant Tari Funding Corp. for reargument is granted and otherwise the motion is denied. Upon reargument the memorandum decision of this court and the order entered thereon are hereby vacated and recalled, said order resettled, and a new memorandum decision is substituted as follows: Order, Supreme Court, New York County, entered May 11, 1978, modified, on the law, to the extent of reversing so much of the order which denied summary judgment to appellant Tari Funding Corp. and of granting the motion by Tari Funding Corp. for summary judgment on its

amended cross claim against respondent in the amount of $4,006.83, with interest from March 20, 1976, and otherwise affirmed for the reasons stated at Special Term, without costs. This is an action based on a fire insurance policy issued by North River Insurance Co. which named as loss payees under the policy Gola Associates, Inc. (Gola) as holder of a first mortgage for $26,500 and Tari Funding Corp. (Tari) as second mortgagee in the amount of $5,000. A little over a year after the policy was issued the insured premises were destroyed by what was termed a fire of suspicious origin. North River refused to pay under the policy and this action ensued. North River's principal affirmative defense to the action was that the owners and mortgagees willfully concealed that the premises were vacant for more than 60 days before the fire, a fact which would have voided coverage under the policy. A further defense, that at no time before the fire was Tari designated as a loss payee on any indorsement of the policy, has been withdrawn since it is conceded that Tari was named in the indorsement to the policy which was issued after the fire but effective by its terms prior to the fire. Tari and Gola moved for summary judgment on their cross claims against North River. This motion was denied by Special Term upon the view that triable issues of fact existed as to whether Tari and Gola knew if the building in question was vacant for 60 or more consecutive days at the time of the fire. While we are of the view that a factual question is presented as to whether Gola was aware that the premises were unoccupied, notwithstanding the disclaimer of such knowledge by Gola's principals, we are persuaded that no such factual issue is presented with regard to Tari. Both Tari and Gola are in the real estate business. However, Gola has its offices in the same area as the building in question while Tari is located in a completely different section of Queens. Gola's president, La Serna, had been a visitor to the premises in question. There is no comparable evidence with regard to Tari. Neither La Serna nor any of Gola's principals are officers or directors of Tari. The circumstance that Mr. Andreadis, secretary of Tari, presently holds a mortgage on the premises next door to the building in question does not seem to us sufficient to raise a factual issue as to Tari's knowledge. Accordingly, Tari's motion for summary judgment should be granted. Concur—Kupferman, J. P., Silverman and Sandler, JJ.

Birns, J., dissents in part in a memorandum, as follows: I dissent from the majority insofar as it finds that a factual question is presented as to whether Gola was aware that the premises were vacant (unoccupied) for a period of 60 or more consecutive days at the time of the fire. To raise the purported issue defendant-respondent offers the affidavits of the counsel for defendant-respondent and an investigator retained after the fire. These affidavits contain no more than speculation and conjecture that Gola had knowledge of the vacancy. Essentially, the affirmation of counsel consists of argument and unsubstantiated references. The affidavit of the investigator alleges that he sought information from the owners of the property and from the last tenant therein, but was unsuccessful. Nothing is presented in these affidavits or in the extensive examinations before trial of the mortgagees to demonstrate the length of time during which the premises were vacant or that Gola had such knowledge, nor is Gola's proximity to the insured premises sufficient to raise such factual issue. The meagre presentation found in the record before this court should not defeat summary judgment in favor of Gola. Resettled order signed and filed.