■ James C. Nuckel, Appellant, et al., Plaintiff, v Angelo J. Danza et al., Respondents. [712 NYS2d 140] —In an action, *inter alia*, for a judgment declaring the parties' interests in a partnership, the plaintiff James C. Nuckel appeals from an order of the Supreme Court, Orange County (Berry, J.), dated August 19, 1999, which granted the defendants' motion for partial summary judgment dismissing the first, third, fifth, seventh, eighth, ninth, and eleventh causes of action asserted in the complaint based on the alleged improper transfer of partnership shares.

Ordered that the order is affirmed, with costs.

In 1991 the plaintiff James C. Nuckel and the defendants Angelo J. Danza and the Angelo J. Danza Purchase Money Plan (hereinafter the Plan), entered into a partnership agreement for a partnership known as Westview II Associates. Nuckel owned 50% of the partnership while Danza and the Plan collectively owned the other 50%. Under the partnership agreement, which was governed by New Jersey law, the partnership was formed for the purpose of developing its sole asset, a tract of vacant land known as Upper Village Center in the Town of Cornwall. Also under the agreement, one partner was required to obtain the consent of the other partner to transfer an interest in the partnership to a third party. If the other partner did not consent to the transfer, the opposing partner could either match the offer or elect to terminate and dissolve the partnership.

In 1994 and 1995 Danza and the Plan collectively transferred 40% of their interest in the partnership to the defendants Louis and Mary Giresi, despite the fact that Nuckel had not consented but had elected to terminate and dissolve the partnership pursuant to the agreement. However, Nuckel, who was the managing partner, did nothing to effect a dissolution.

Nuckel claims that he first became aware that the transfer took place in August 1996, during a New Jersey foreclosure action brought against him and Danza, among others, by Chemical Bank. As part of the settlement of that action, Nuckel agreed to assume the debt owed to Chemical Bank in exchange for Danza's and the Plan's collective interest in the partnership. Danza maintained that the collective interest constituted

only 10%, as the other 40% had been transferred to the Giresis. Nuckel commenced this action to have the Giresi transfer set aside as fraudulent and as made in violation of the partnership agreement.

The defendants met their burden of demonstrating their entitlement to judgment as a matter of law by establishing that the transfer was not fraudulent (*see, Zuckerman v City of New York,* 49 NY2d 557). Nuckel's conclusory and speculative allegations were insufficient to defeat the defendants' prima facie showing and the causes of action based on fraudulent transfer were properly dismissed (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325; *Cooper v Milton Paper Co.,* 258 AD2d 614).

The Supreme Court also properly granted partial summary judgment dismissing those causes of action based on the claim that the assignment of interest was void as made in violation of the partnership agreement. Under New Jersey law, a contract term prohibiting assignment of rights under the contract gives the obligor a right to damages for breach of the terms forbidding assignment but does not render the assignment ineffective, unless a different intention is manifested (*see, Garden State Bldgs. v First Fid. Bank,* 305 NJ Super 510, 702 A2d 1315). " '[T]o reveal the intent necessary to preclude the power to assign, or cause an assignment violative of contractual provisions to be wholly void, such clause *must contain express provisions that any assignment shall be void or invalid if not made in a certain specified way' " (Garden State Bldgs. v First Fid. Bank, supra,* at 522 [emphasis added]). Contrary to Nuckel's contention, the Supreme Court properly found that the partnership agreement does not contain clear, definite, and appropriate language declaring the invalidity of assignments such as those at bar.

Nuckel's remaining claim is without merit. S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.