■ UNIVERSAL UNDERWRITERS ACCEPTANCE CORPORATION, Respondent, v PEERLESS INSURANCE COMPANY, Appellant, et al., Defendants. [820 NYS2d 599]—

In an action, inter alia, to recover damages for breach of contract, the defendant Peerless Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated February 14, 2005, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by, upon searching the record, deleting the provision thereof denying that branch of the plaintiff's cross motion, in effect, which was for summary judgment on the cause of action against the defendant Peerless Insurance Company to recover damages for breach of contract and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in favor of the plaintiff and against the defendant Peerless Insurance Company in the principal sum of $10,746.61.

The defendants Quincy Rudolph and Danita Rudolph purchased an automobile under an installment contract. The seller subsequently assigned its rights under the installment contract to the plaintiff, Universal Underwriters Acceptance Corporation (hereinafter UUAC). UUAC was named as a "loss payee" under the Rudolphs' automobile insurance policy (hereinafter the policy), which was issued by the appellant Peerless Insurance Company (hereinafter Peerless).

On May 23, 2003, the automobile was involved in a two-car collision. The Rudolphs entered into a settlement with the insurer of the other automobile, and they did not make a claim under the policy. Nor did they satisfy their obligations to UUAC.

UUAC made a demand for payment under the policy, but Peerless denied the claim on the ground that the Rudolphs had not made a claim under the policy. UUAC commenced this action. Peerless moved for summary judgment dismissing the complaint insofar as asserted against it, and UUAC cross-moved, among other things, in effect, for summary judgment on its cause of action against Peerless to recover damages for breach of contract.

To establish its prima facie entitlement to judgment as a matter of law, Peerless was required to establish that it had no obligation to UUAC under the circumstances presented (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). At issue here is the language of the loss payee clause in the policy which provided: "[T]his insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of 'your covered auto.' "

A loss payee clause that explicitly provides that the loss payee's rights "shall not be invalidated by any act or neglect of the [insured]" creates "an independent and separate insurance coverage for the [loss payee's] interest and . . . the [insured] may not, through its actions or neglect, defeat the independent rights of the [loss payee]" (*United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 234 [1986]; *see Syracuse Sav. Bank v Yorkshire Ins. Co., Ltd.*, 301 NY 403, 408-409 [1950]; *Rubenstein v Cosmopolitan Mut. Ins. Co.*, 61 AD2d 1029 [1978]). UUAC maintains that a clause, such as the one here, providing that the loss payee's rights shall not be invalidated because of the insured's "fraudulent acts or omissions" also creates an independent contract between the insurer and the loss payee. We agree.

As in the above-cited cases, the purpose of the loss payee clause was to create an independent contract between the insurer and the loss payee. To interpret it as protecting the loss payee only where coverage is denied or precluded by the insured's fraudulent acts or omissions would be to improperly narrow the protective clause against the interests of the loss payee/lienholder (*see United States Fid. & Guar. Co. v Annunziata, supra*). Consequently, Peerless did not meet its burden on its motion for summary judgment. Because Peerless failed to establish its prima facie entitlement to judgment as a matter of law, its motion for summary judgment dismissing the complaint insofar as asserted against it was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]).

Although UUAC has not appealed, this Court has the authority to search the record and grant summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Colon v Vargas,* 27 AD3d 512 [2006]). Upon searching the record, we find that UUAC established its prima facie entitlement to judgment as a matter of law on its cause of action against Peerless alleging breach of contract (*see Zuckerman v City of New York, supra*), and that Peerless failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, that branch of UUAC'S cross motion, in effect, which was for summary judgment on its cause of action against Peerless alleging breach of contract should have been granted and we remit the matter to the Supreme Court for the purpose of entering an appropriate judgment for the amount due UUAC on its insurance claim. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.