■ THOMAS P. McDONOUGH et al., Appellants, v VINCENT MONACO et al., Respondents, et al., Defendants. [829 NYS2d 673]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 1, 2006, which granted the motion of the defendants Vincent Monaco and Angela Monaco for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the second cause of action for breach of contract insofar as asserted against the defendants Vincent Monaco and Angela Monaco, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In 2003 the defendant J. McDonough Associates, Inc., entered into a contract of sale to sell a newly constructed house to the defendants Vincent Monaco and Angela Monaco (hereinafter the Monacos). The Monacos did not move into the house, and in

2004 they sold the house to the plaintiffs. Allegedly, the plaintiffs noticed various unaddressed problems with the house and in 2005 they commenced this lawsuit against the Monacos, J. McDonough Associates, Inc., and New Perspective Remodeling, Inc. The corporate defendants are essentially the same entity controlled by James McDonough. The complaint asserted two causes of action against all of the defendants, the first for breach of the housing merchant implied warranty, and the second for breach of contract.

The Monacos established their entitlement to judgment as a matter of law on the first cause of action for breach of the housing merchant implied warranty. The contract of sale between the Monacos and the plaintiffs specifically stated that the housing merchant warranty was "made exclusively by the Builder New Perspective Remodeling, Inc." (emphasis in original), and was executed only by James McDonough as President of that corporation. In opposition, the plaintiffs offered only unsubstantiated and conclusory allegations that the Monacos were also liable on the warranty because the Monacos were business partners of the builder of the house. These allegations were insufficient to raise an issue of fact (*see generally Nuckel v Danza*, 274 AD2d 562 [2000]; *Home Sav. Bank v Arthurkill Assoc.*, 173 AD2d 776 [1991]). Accordingly, the Monacos cannot be held liable to the plaintiffs for breach of the housing merchant implied warranty (*see* General Business Law § 777-a; *Bedrosian v Guzy*, 32 AD3d 1194 [2006]).

However, the Monacos were not entitled to summary judgment dismissing the second cause of action for breach of contract insofar as asserted against them. The documentary evidence demonstrated that when the Monacos entered into the contract of sale with the plaintiffs, the Monacos executed, inter alia, a "rider to contract of sale" which specifically stated that "[p]rior to closing the *Sellers*/Builder shall complete the items set forth on the . . . punch list [which was attached to the rider]" (emphasis supplied). Thereafter, at the closing, the Monacos again signed at the end of an expanded "punch list." In view of this evidence, as well as the fact that the Monacos did not dispute the plaintiffs' allegations that the punch list items were not completed, the Monacos did not establish their prima facie entitlement to judgment as a matter of law dismissing the second cause of action for breach of contract insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Universal Underwriters Acceptance Corp. v Peerless Ins. Co.*, 31 AD3d 749 [2006]; *Coto v United Artists Theatre Circuit*, 274 AD2d 444 [2000]). Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.