■ TRUE ZION GOSPEL TEMPLE, INC., Appellant, v JIMMY T. ROBERSON, Respondent. [835 NYS2d 299]—

In an action, inter alia, to set aside a transfer of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated February 27, 2006, which granted the defendant's motion for summary judgment dismissing the complaint, and determined that the defendant was the owner of the subject property.

Ordered that the order is affirmed, with costs.

The plaintiff, True Zion Gospel Temple, Inc., an entity incorporated under article 8 of the Religious Corporations Law, seeks relief from a 1988 Supreme Court order approving the transfer of its real property to its president. The president subsequently conveyed the property to her son, the defendant, Jimmy T. Roberson. The plaintiff sought to void the transfer upon the ground that it was invalid under Not-for-Profit Corporation Law § 511 (b), as no notice to the Attorney General was given, and upon the ground that the transfer was effected by fraud. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and determined that the defendant was the owner of the subject property.

The defendant met his prima facie burden of proving his entitlement to judgment as a matter of law, as no ground exists under CPLR 5015 for relief from the 1988 Supreme Court order (*see Universal Underwriters Acceptance Corp. v Peerless Ins. Co.*, 31 AD3d 749 [2006]; *see also Zuckerman v City of New York*, 49 NY2d 557 [1980]). The plaintiff failed to raise an issue of fact because failure to notify the Attorney General did not render the 1988 order void (*see* Religious Corporations Law § 12 [9]; *cf. St. Andrey Bulgarian E. Orthodox Cathedral Church v Bosakov*, 272 AD2d 55 [2000]). The plaintiff likewise failed to raise an issue of fact as to whether the transfer was effected by fraud, because the plaintiff failed to set forth the alleged fraud with the required specificity (*see Fredriksen v Fredriksen*, 30 AD3d 370 [2006]; CPLR 3016 [b]).

The plaintiff's remaining contentions are unpreserved for appellate review or are without merit. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.